**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carlos REYES, Defendant-Appellant.**

**No. 80–1603
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Unit A

May 15, 1981.

J. G. Hornberger, Laredo, Tex., for defendant-appellant.

John M. Potter, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendant was convicted after jury trial of both distribution and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), in three specific transactions. He received concurrent sentences on each count of which convicted. Upon his appeal, he contends (1) that the district court erro-neously refused his request to instruct the jury as to entrapment and (2) that the court erred in failing to declare a mistrial sua sponte because of an unauthorized communication to a juror. Finding no merit in either contention, we affirm.

### 1. The Entrapment Issue

The defendant Reyes complains that the trial court erred in refusing to charge the jury as to his entrapment defense. The district court refused to do so, finding that there was insufficient evidence to create a jury question on that issue.

The entrapment defense permits acquittal when the criminal design origi-nates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense. *Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848 (1958); *Sorrels v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). However, the fact that governmental agents merely afford the opportunity for the commission of the offense does not con-stitute entrapment: "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the un-wary criminal." *Sherman, supra, id.* The defendant's lack of predisposition to commit the crime is the principal element of entrap-ment. *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). *See also* Annotation, Narcotic Offenses—Entrapment, 22 A.L.R.Fed. 731 (1975).

The defendant himself did not take the stand or present any affirmative evidence in support of his defense of entrapment. Nevertheless, he relies upon the principle that where (as he contends is presently the situation) the government's own case in chief injects substantial evidence of entrap-ment into the case, the defendant is entitled to raise the defense by motion for acquittal and by requested instruction to the jury, even though he at the same time does not abandon a defense that the government must prove beyond a reasonable doubt his

guilt of the conduct charged. *Sears v. United States*, 343 F.2d 139, 143 (5th Cir. 1965).

◼ To raise the affirmative defense of entrapment—*i. e.*, the government's inducement of the commission of a crime by one not predisposed to commit it—the defendant has the initial burden of producing evidence himself (or of pointing to government evidence) that shows government involvement or inducement. *United States v. Hill*, 626 F.2d 1301 (5th Cir. 1980); *United States v. Gonzales*, 606 F.2d 70 (5th Cir. 1979). The nature of the required showing has been described as "some evidence, but more than a scintilla, that [he was] induced to commit the offense." *United States v. Groessel*, 440 F.2d 602, 606, (5th Cir.), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971). *See also United States v. Gonzales*, 606 F.2d 70 (5th Cir. 1979); *United States v. Wolffs*, 594 F.2d 77 (5th Cir. 1979).

◼ The sufficiency of the defendant's evidence of governmental involvement is a question of law for the court in the first instance, not for the jury; although once the defendant has sustained this burden, the issue of entrapment is a question of fact for the jury. *United States v. Wolffs, supra; United States v. Buckley*, 586 F.2d 498 (5th Cir. 1978).

◼ For purposes of determining the sufficiency of the evidence to raise the jury issue, the testimony most favorable to the defendant should be accepted. *United States v. Hill, supra*, 626 F.2d at 1304, and *United States v. Wolffs, supra*, 594 F.2d at 80.

◼ The defendant thus is not entitled to have the jury consider a defense of entrapment unless he produces some evidence, but more than a scintilla, that raises the issue of inducement by the government that he commit the offense without predisposition to do so. Under this test, the government's evidence is not sufficient to raise the issue of entrapment.

The government's substantive case proved the three transactions charged by the testimony of five drug officers, two of whom had purchased cocaine and the others of whom had conducted surveillance of the transactions. The defendant Reyes himself did not testify. Neither he nor the government called as a witness Pacheco, a confidential informer, who was a friend of Reyes and also a key intermediary in arranging at least the first transaction. (At that time, he first introduced Reyes to an undercover police officer (Barron), who made the first purchase of cocaine from Reyes and participated in the two subsequent purchases.)

The evidence at the trial, at most, shows that the governmental informant Pacheco arranged for his friend, the defendant Reyes, to meet with a willing buyer (Barron), who was a governmental agent, and that Barron and the other agent-purchaser were willing buyers. However, Reyes himself was a willing seller, who appeared at the first two meetings to meet a prospective buyer of drugs, and who (when approached at his home by the undercover agents on the third occasion) was a willing and extremely cooperative seller, telling them to return in two hours for the cocaine.

The evidence shows that the government furnished Reyes the opportunity to sell its agents drugs (an opportunity readily accepted), but it does not indicate that the government induced Reyes to commit a crime to which he was not predisposed.[1] Thus, there was no evidence in the record that, if believed by the jury, would show that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it; therefore, the district court did not err in holding, as a matter of law, that insufficient evidence was produced to raise a jury issue of entrapment. *United*

---

1. We were initially given some concern that the evidence might permit an inference that Pacheco, in conversations not in the record, had induced Reyes to commit the crime. On reflection, however, the absence of any testimony concerning Pacheco's possible inducement does not permit this unsupported inference, considering the burden upon the accused to present some evidence raising this affirmative defense of entrapment.

States v. Hill, supra; Pierce v. U. S., 414 F.2d 163 (5th Cir.) *cert. denied*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969).

### 2. *The Juror Issue*

 The defendant next contends that the trial court erred in failing sua sponte to declare a mistrial upon being informed that the defendant's sister out of court asked one of the jurors, in the presence of another juror: "Please take care of him because he's my brother." The juror, who did not know the sister, put her fingers on her lips, but she later commented about the incident to the other jurors.

On learning of the incident, the trial judge interviewed each juror individually and ascertained that each juror stated that he or she would not be influenced by the incident. The trial judge excused the two jurors present at the out-of-court incident and, after interview of the two alternates to the same effect, allowed them to sit instead. The district court found that the incident had not influenced the jurors, and he also instructed them not to let the incident influence them either way.

This procedure was followed with the express acquiescence of counsel, who first consulted with his client. R.II, pp. 432, 457. The record does not reflect any prejudice resulting to the defendant from the incident.

The procedure used by the trial judge in investigating an out-of-court communication and his decision whether to grant a mistrial by reason thereof rests in his sound discretion. *United States v. Buchanan*, 633 F.2d 423, 427 (5th Cir. 1980). The steps here taken to investigate the incident and minimize deleterious effects, if any, were well within that discretion. *Cf. United States v. Martinez*, 604 F.2d 361, 364 (5th Cir. 1979). The extreme unlikelihood of any prejudicial effect of the incident is corroborated by the defendant's willing acquiescence in and express acceptance of the procedure followed. No abuse of discretion is here shown.

*Conclusion*

Finding no merit to the contentions urged, we AFFIRM the conviction(s) and sentences.

AFFIRMED.