**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur ORTIZ, Defendant-Appellant.**

No. 85–1430.

United States Court of Appeals, Tenth Circuit.

Nov. 5, 1986.

Richard J. Banta, Denver, Colo., for defendant-appellant.

Brent D. Ward, U.S. Atty., and Wayne T. Dance, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Before SEYMOUR, MOORE and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant-appellant (defendant) appeals his conviction for conspiracy to possess with intent to distribute and conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and possession and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant raises three issues on appeal: (1) whether the district court erroneously prohibited him from pursuing the defense of entrapment, (2) whether the court erred by not requiring the government to disclose whether an individual was an informant, and (3) whether the court erred by denying defendant's request for a continuance. We find no error and therefore affirm.

## I.

On October 26, 1984, Leo Montoya introduced Stuart Smith, an undercover narcotics agent for the State of Utah, to defendant at defendant's home in Tooele, Utah. Smith negotiated with defendant for the purchase of two kilograms of cocaine. Defendant indicated that he could obtain this quantity of cocaine from his supplier in California.

During the following weeks, the agent called defendant numerous times to express his continued interest in the sale and to discuss the details of the transaction. Many of these telephone conversations were tape recorded.

On November 15, 1984, the agent was invited to defendant's home to make the final arrangements for the sale. Defendant indicated the cocaine was being delivered from southern California, and the parties agreed to consummate the deal the following day at noon at the Airport Hilton Inn in Salt Lake City, Utah.

Defendant met the narcotics agent at about one in the afternoon on November 16 at the hotel and delivered the cocaine. Defendant was arrested, and approximately two kilograms of cocaine were seized. Later that day, he made a statement in the nature of a confession. He was indicted by a grand jury on November 28, 1984.[1] The matter proceeded to trial, but defendant neither testified nor presented any evidence in his defense. A jury found him guilty on January 25, 1985.

## II.

### A. *Entrapment*

At trial, defendant sought to assert the defense of entrapment. The district court denied his request, finding that there was no evidence to support the defense. We have reviewed the record and agree with the district court's disposition of this issue.

It is well established that a defendant is entitled to have a jury consider any defense which is supported by the law and has sufficient foundation in the evidence to create a genuine issue of fact. *United States v. Afflerbach,* 754 F.2d 866, 870 (10th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 3506, 87 L.Ed.2d 636 (1985); *United States v. Metropolitan Enterprises, Inc.,* 728 F.2d 444, 452 (10th Cir.1984). This right is so important that the failure

---

**1.** He was indicted with Miguel Bucaro, the al-    leged supplier, but they were tried separately.

to allow a defendant to present a theory of defense which is supported by sufficient evidence is reversible error. *United States v. Felsen,* 648 F.2d 681, 685–86 (10th Cir.), *cert. denied,* 454 U.S. 861, 102 S.Ct. 317, 70 L.Ed.2d 159 (1981). Evidence is sufficient to put a theory of defense before a jury if it creates a genuine factual dispute. When the evidence presents no genuine dispute, there is no factual issue for the jury, and the district court has a duty to rule on the defense as a matter of law. *United States v. Gurule,* 522 F.2d 20, 23 (10th Cir.1975), *cert. denied,* 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976); *United States v. Rhodes,* 713 F.2d 463, 467 (9th Cir.), *cert. denied,* 464 U.S. 1012, 104 S.Ct. 535, 79 L.Ed.2d 711 (1983).

▪ Just as a court may find entrapment "as a matter of law" when the evidence satisfying the elements of entrapment is uncontradicted, it also may conclude "as a matter of law" that the evidence is insufficient to create a triable issue. Thus, whether there is evidence sufficient to constitute a triable issue of entrapment is a question of law. *United States v. Reyes,* 645 F.2d 285, 287 (5th Cir.1981) ("The sufficiency of the defendant's evidence of governmental involvement is a question of law...."). Because the issue is primarily "legal" in nature and because of its importance, we review it *de novo.*[2] In applying a *de novo* standard of review, our task is identical to the trial court, and we must determine from the evidence presented at trial whether there is a genuine issue of entrapment.

▪ To meet the evidentiary threshold to submit an entrapment defense to the jury, there must be a foundation in the evidence in the light viewed most favorably to the accused. *United States v. Reyes,* 645 F.2d at 287; *United States v. Boone,* 543 F.2d 412, 414 (D.C.Cir.1976); *United States v. Anglada,* 524 F.2d 296, 298 (2d Cir.1975). The defendant, however, did not testify or present any evidence in support of his defense of entrapment. Nevertheless, he may be entitled to raise the defense if the government's case-in-chief presents sufficient evidence of entrapment. *United States v. Worth,* 505 F.2d 1206, 1209 (10th Cir.1974), *cert. denied,* 420 U.S. 964, 95 S.Ct. 1358, 43 L.Ed.2d 443 (1975). By taking this approach, a defendant may be entitled to present the entrapment defense to the jury and also require the government to prove beyond a reasonable doubt his commission of the crime.[3] *United States v. Reyes,* 645 F.2d at 286–87.

**2.** Questions of fact are reviewed under the deferential, "clearly erroneous" standard as set forth in Fed.R.Civ.P. 52(a). Although the standard is a rule of civil procedure, it is applied to certain issues in criminal proceedings. E.g., *United States v. Recalde,* 761 F.2d 1448, 1457 (10th Cir.1985). A determination of whether there is an issue of entrapment, however, does not involve any findings of fact. The district court must make its decision based on the evidence presented at trial without weighing that evidence. We are aware that the deferential, "abuse of discretion" standard has been applied to this issue by some courts. E.g., *United States v. Fleishman,* 684 F.2d 1329, 1342 (9th Cir.), *cert. denied,* 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982). Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. When we apply the "abuse of discretion" standard, we defer to the trial court's judgment because of its first-hand ability to view the

witness or evidence and assess credibility and probative value. It is not necessary to defer to the trial court's judgment, however, when the evidence is neither weighed nor balanced. The appellate court, reviewing the record, is in as good a position as a trial judge, relying on his memory, to determine whether the evidence introduced is sufficient to constitute an issue of fact for the jury. We, therefore, believe it is appropriate to review the lower court's conclusion under the non-deferential, *de novo* standard.

**3.** When a defendant testifies, he must substantially admit that he committed the necessary elements of the crime. *United States v. Mora,* 768 F.2d 1197, 1198–99 (10th Cir.1985) (per curiam), *cert. denied,* —— U.S. ——, 106 S.Ct. 856, 88 L.Ed.2d 895 (1986); *United States v. Martinez,* 749 F.2d 601, 606 (10th Cir.1984). If he denies the commission of the crime charged, the defense of entrapment is not available to him. *Munroe v. United States,* 424 F.2d 243, 244 (10th Cir.1970) (en banc).

■ The Supreme Court has noted that the underlying purpose of the entrapment defense is to protect an otherwise unpredisposed defendant from governmental coercion. *Lopez v. United States,* 373 U.S. 427, 434–35, 83 S.Ct. 1381, 1385, 10 L.Ed.2d 462 (1963). Entrapment, therefore, focuses on the degree of government involvement in the crime and whether the defendant was predisposed to commit it. *United States v. Russell,* 411 U.S. 423, 436, 93 S.Ct. 1637, 1645, 36 L.Ed.2d 366 (1973); *United States v. Gurule,* 522 F.2d at 23. Stated another way, entrapment raises the issue of whether the criminal intent originated with the defendant or with government agents.

■ Whether there is a genuine issue concerning the origin of criminal intent depends upon whether there is evidence of lack of predisposition and government involvement and inducement. The defendant must point to evidence of both lack of predisposition and government inducement before the trial judge can determine whether entrapment has been shown sufficiently to present it to the jury. *United States v. Nations,* 764 F.2d 1073, 1079 (5th Cir.1985). Once the defendant has shown there is a reasonable question concerning the origin of criminal intent, then it is the government's burden to prove predisposition beyond a reasonable doubt. *United States v. Smegal,* 772 F.2d 659, 660 (10th Cir.1985). If entrapment is an issue, then the government must prove that the criminal intent originated with the defendant.

■ "Inducement" may be defined as government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense. This definition implicates the obvious question of whether the defendant was eager or reluctant to engage in the charged criminal conduct. Governmental inducement may take the form of "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *United States v. Burkley,* 591 F.2d 903, 913 & n. 18 (D.C. Cir.1978), *cert. denied,* 440 U.S. 966, 99

S.Ct. 1516, 59 L.Ed.2d 782 (1979). Evidence that a government agent solicited, requested or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement. *Id.* Inducement also will not be shown by evidence that the government agent initiated the contact with the defendant or proposed the crime. *United States v. Andrews,* 765 F.2d 1491, 1499 (11th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986).

■ "Predisposition," on the other hand, may be defined as a defendant's inclination to engage in the illegal activity for which he has been charged, i.e. that he is ready and willing to commit the crime. *United States v. Gurule,* 522 F.2d at 23. It focuses on defendant's state of mind before government agents suggest that he commit a crime. *United States v. Williams,* 705 F.2d 603, 618 (2d Cir.), *cert. denied,* 464 U.S. 1007, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983). Predisposition may be inferred from a defendant's history of involvement in the type of criminal activity for which he has been charged, combined with his ready response to the inducement offer. *United States v. Szycher,* 585 F.2d 443, 449 (10th Cir.1978); *United States v. Rodgers,* 755 F.2d 533, 551 (7th Cir.1985), *cert. denied,* — U.S. ——, 105 S.Ct. 3532, 87 L.Ed.2d 656, (1985); *United States v. Kelly,* 748 F.2d 691, 698–99 (D.C.Cir.1984); *United States v. Myers,* 692 F.2d 823, 836 (2d Cir.1982), *cert. denied,* 461 U.S. 961, 103 S.Ct. 2437, 77 L.Ed.2d 1322 (1983).

■ If a defendant can point to evidence of both inducement and lack of predisposition, then the trial court must determine whether the evidence amounts to a triable issue. The defendant is entitled to present the defense to the jury only if he can identify evidence "from which a reasonable juror *could* derive a reasonable doubt as to the origin of criminal intent...." *United States v. Nations,* 764 F.2d at 1080. To establish a triable issue, the defendant must point to evidence that is more than "flimsy or insubstantial." *Id.* Thus, conclusory and self-serving state-

ments, standing alone, will not suffice. *United States v. Kakley,* 741 F.2d 1, 4 (1st Cir.), *cert. denied,* 469 U.S. 887, 105 S.Ct. 261, 83 L.Ed.2d 197 (1984). The evidence must create a genuine factual issue that properly can be resolved only by a jury as the finder of fact.[4] Thus, once the trial judge has concluded that there is sufficient evidence to support an entrapment defense, the defense must be submitted to the jury. *Sherman v. United States,* 356 U.S. 369, 376–77, 78 S.Ct. 819, 822–23, 2 L.Ed.2d 848 (1958); *Sorrells v. United States,* 287 U.S. 435, 452, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932).

The evidentiary record in this case is devoid of any evidence in support of a defense of entrapment. The evidence indicates that Leo Montoya arranged for the defendant to meet with agent Smith, who was posing as a willing drug buyer. Although agent Smith was actively involved in various aspects of the drug transaction, the defendant, on his own, obtained the cocaine for sale. The record, as a whole, reveals defendant as a willing and cooperative cocaine merchant. There is no evidence that he ever hesitated to become involved in the illegal transaction. Although the evidence shows that the government furnished the defendant with an opportunity to sell cocaine to one of its agents, there is no indication that the government induced defendant to commit a crime to which he was not predisposed. A prosecution will not be defeated merely because the government affords opportunities or facilities for the commission of a crime or employs deceit. *United States v. Russell,* 411 U.S. at 435–36, 93 S.Ct. at 1644–45.

In sum, there is no evidence in the record that, if believed by the jury, would show that the government's conduct created a substantial risk that the crime would be committed by a person other than one ready and willing to commit it. Defendant was not an "unwary innocent" but rather an "unwary criminal." *Sherman v. United States,* 356 U.S. at 372, 78 S.Ct. at 820. The district court did not err, therefore, in holding, as a matter of law, that there was insufficient evidence to raise a jury issue of entrapment.

**B.** *Disclosure of Leo Montoya's Status*

Defendant asserts that the district court erred by not requiring the government to disclose whether Leo Montoya was a government informant and by precluding him from exploring this issue on cross-examination. Leo Montoya's sole involvement in this case is introducing agent Smith to defendant. We find no error in the district court's rulings on this issue.

In *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court discussed the government's privilege to withhold information about informants. The Court stated that the purpose of the privilege is to encourage citizens to communicate their knowledge of crimes to government officials by preserving their anonymity. *Id.* at 59, 77 S.Ct. at 627. The Court noted, however, that the privilege must give way when the informer's identity or the contents of his communication "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause...." *Id.* at 60–61, 77 S.Ct. at 627–28.

Disclosure is not required when the informer is not a participant in, or witness to, the crime charged. *United States v. Halbert,* 668 F.2d 489, 496 (10th Cir.), *cert. denied,* 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 453 (1982); *United States v. Perez-Gomez,* 638 F.2d 215, 218 (10th Cir.1981). We have ruled previously that the government is not required to supply information about an informer to a defendant when the informer merely provides the initial introduction. *United States v. Reardon,* 787 F.2d 512, 517 (10th Cir.1986);

---

**4.** The quantum of evidence required to submit an entrapment defense to a jury has been described as "any evidence," "some evidence," "slight evidence," and "more than a scintilla." We believe these phrases are not useful because the ultimate test is whether the evidence (regardless of amount) creates a fact issue requiring submission to the jury.

*United States v. Burrell,* 720 F.2d 1488, 1494 n. 8 (10th Cir.1983). *See also United States v. DeAngelis,* 490 F.2d 1004, 1010 (2d Cir.), *cert. denied,* 416 U.S. 956, 94 S.Ct. 1970, 40 L.Ed.2d 306 (1974); *United States v. Diaz,* 655 F.2d 580 (5th Cir.1981), *cert. denied,* 455 U.S. 910, 102 S.Ct. 1257, 71 L.Ed. 448 (1982). Furthermore, a defendant must do more than speculate about the usefulness of information about an informer. *United States v. Burrell,* 720 F.2d at 1494 n. 8; *United States v. Zamora,* 784 F.2d at 1030; *United States v. Halbert,* 668 F.2d at 496. Defendant has failed to explain how revealing Leo Montoya's status might be relevant or helpful to his defense. The district court did not abuse its discretion by its ruling on this issue.

### C. *Continuance*

■ Defendant argues that the district court committed reversible error because it did not grant his motion for a continuance. He was arraigned on November 29, 1984, and trial was scheduled to begin about two months later on January 24, 1985. Although defendant initially decided to plead guilty, and later changed his mind, we believe that two months should be sufficient to prepare for a case of this nature.

■ Whether to grant a motion for continuance is committed to the sound discretion of the trial judge, and his decision will not be disturbed absent clear abuse resulting in manifest injustice. *United States v. Mitchell,* 765 F.2d 130, 132 (10th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 392, 88 L.Ed.2d 344 (1985). We have reviewed the trial transcript and conclude that defendant was not prejudiced in any way by the court's ruling. We hold, therefore, that the district court did not abuse its discretion by denying defendant's motion for a continuance.

### IV. *Conclusion*

For the reasons set forth above, defendant's conviction is affirmed.