935 F.2d 278
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso Daniel JOHNSON, Defendant-Appellant.
 No. 90-4123.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1991.
 
 Before LOGAN, JOHN P. MOORE, and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Alfonso Daniel Johnson appeals his conviction for possession of heroin with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). In the district court, defendant claimed that he was entrapped by a government agent. The court denied defendant's motion for acquittal based on the entrapment defense, instructed the jury regarding entrapment, and the jury convicted. We affirm.
 
 
 2
 In 1990, defendant met government informant Roger Silva by chance encounter. Defendant knew Silva from their time spent together as prisoners in the Utah state prison system. Silva asked defendant to help him purchase heroin and telephoned defendant several times. Ultimately, defendant purchased the heroin for Silva and a government agent. At issue is whether the combination of Silva's actions and defendant's predisposition, or lack thereof, to purchase heroin for Silva amounted to government entrapment.
 
 
 3
 Entrapment, as an affirmative defense, controverts the government's proof concerning criminal intent. See United States v. Ortiz, 804 F.2d 1161, 1165 (10th Cir.1986). To establish an entrapment issue sufficient for presentation to the jury, the defendant must point to evidence that the government induced his criminal conduct and that he was not predisposed to the conduct. See Mathews v. United States, 485 U.S. 58, 63 (1988); United States v. Sullivan, 919 F.2d 1403, 1418 (10th Cir.1990); United States v. Fadel, 844 F.2d 1425, 1429 (10th Cir.1988); Ortiz, 804 F.2d at 1165. Inducement refers to "government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense." Ortiz, 804 F.2d at 1165. And predisposition refers to "a defendant's inclination to engage in the illegal activity for which he is charged, i.e. that he is ready and willing to commit the crime." Id. (citing United States v. Gurule, 522 F.2d 20, 23 (10th Cir.1975), cert. denied, 425 U.S. 976 (1976)).
 
 
 4
 Defendant argues that the court should have acquitted him as a matter of law based on entrapment. A court has the duty to rule on the issue as a matter of law, and may order acquittal, when material facts regarding inducement and predisposition are uncontradicted. Id. at 1164 (citing Gurule, 522 F.2d at 23). We review de novo the court's legal determination whether to present the issue to the jury or rule on the matter. Id. (citing United States v. Reyes, 645 F.2d 285, 287 (5th Cir.1981)). The government concedes that it induced defendant to commit the offense. The dispute is over whether the government's evidence of predisposition was sufficient for the court to present the entrapment defense to the jury rather than acquit defendant as a matter of law.
 
 
 5
 Predisposition is "the principal element of the defense of entrapment." Mathews, 485 U.S. at 63 (citing United States v. Russell, 411 U.S. 423, 433 (1973)). "Predisposition may be inferred from a defendant's history of involvement in the type of criminal activity for which he has been charged, combined with his ready response to the inducement offer." Ortiz, 804 F.2d at 1165; accord Sullivan, 919 F.2d at 1418. "Evidence of predisposition may consist of a showing of a defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity under investigation." Fadel, 844 F.2d at 1433.
 
 
 6
 After review of the record, we find that the government introduced sufficient evidence to raise a question of fact for the jury. Defendant is a former heroin addict who, by his own admission, was familiar with the drug trade--where heroin was available, how much it should cost, how to negotiate a purchase, the social mores of the transaction when serving as a middleperson in a deal. II R. 137, 143-47, 149. Furthermore, the testimony of Silva and defendant conflicted as to defendant's initial willingness to commit the offense. II R. 69, 122. Entrapment as a matter of law would require "undisputed testimony which shows conclusively and unmistakably that an otherwise innocent person was induced to commit the act complained of by the trickery, persuasion or fraud of a government agent." Gurule, 522 F.2d at 23. The record does not reveal such testimony. Rather, the record reveals evidence sufficient for a reasonable juror to conclude beyond reasonable doubt that defendant was predisposed to commit the charged offense.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3