F I L E D
United States Court of Appeals
Tenth Circuit

APR 7 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KURT D. SILVA,

　　　　Plaintiff-Appellant,

v.

GOODWILL INDUSTRIES OF NEW
MEXICO, INC.,

　　　　Defendant-Appellee.

No. 99-2125
(D.C. No. CIV-98-197-JP/WWD)
(D. N.M.)

ORDER AND JUDGMENT　*

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

　　　　Plaintiff-appellant Kurt D. Silva appeals the district court's grant of

summary judgment in favor of his former employer, defendant-appellee Goodwill

Industries of New Mexico, Inc. (Goodwill), on his claim that he was discharged

due to reverse gender discrimination in violation of Title VII of the Civil Rights

---

\*　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17. [1] Exercising

jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Silva was employed as a vocational coordinator in Goodwill's facility

rehabilitation department. His employment was terminated the day after he staged

a loud, obscenity-laced outburst in the center of Goodwill's administrative

offices, within earshot of other employees' work areas and the public reception

area. During his three to four minute tirade, he disparaged his supervisor,

Margaret McNatt, who was not in the facility at the time. After his employment

was terminated by Goodwill, Silva filed the instant lawsuit alleging that he was

discharged because his supervisor had a "deep seated gender bias and hostility

towards men." (Appellant's App. at 11). [2] The district court granted Goodwill's

motion for summary judgment, and this appeal followed.

We review a grant of summary judgment de novo, applying the same legal

standard used by the district court under Fed. R. Civ. P. 56(c). See Richmond v.

ONEOK, Inc. , 120 F.3d 205, 208 (10th Cir. 1997). "Summary judgment is

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] Silva also made claims of breach of implied contract and hostile work environment sexual harassment. The court dismissed the contract claim without prejudice to permit Silva to seek relief in the state court system and dismissed the harassment claim for failure to exhaust administrative remedies. Silva has not appealed those rulings.

appropriate if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Rule 56(c)). "We construe the factual record and reasonable inferences therefrom in the light most favorable to the nonmovant." Id.

In an employment discrimination case, a plaintiff with no direct evidence of discrimination may avoid summary judgment by satisfying the burden-shifting test established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Perry v. Woodward, 199 F.3d 1126, 1135 (10th Cir. 1999), petition for cert. filed (U.S. Mar. 16, 2000) (No. 99-1527). Under the McDonnell Douglas framework, the plaintiff bears the initial burden of establishing a prima facie case, which raises a rebuttable presumption of unlawful discrimination. See id. Generally, there is "a logical connection between each element of the prima facie case and the inference of discrimination." Id. at 1136.

On appeal, Silva asserts that the district court erred in determining that his evidence failed to establish a prima facie case of discriminatory discharge.[3]

_____

[3] Silva responded to Goodwill's summary judgment motion by asserting that his evidence satisfied the McDonnell Douglas test. Alternatively, Silva could have attempted to survive summary judgment by presenting "direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored the plaintiff." Notari v. Denver Water Dep't, 971 F.2d 585, 590 (10th Cir. 1992). He does not argue, however, that he submitted evidence creating a genuine issue of material fact through either of these alternative approaches.

Normally, a prima facie case includes a showing that: (1) the plaintiff belongs to a protected class; (2) the plaintiff was qualified for the job; (3) "despite [his] qualifications, [he] was discharged; and (4) the job was not eliminated after [his] discharge." Id. at 1135; see also id. at 1136-40 (discussing the fourth prong of the test in detail). For a reverse discrimination claim like Silva's, however, the first prong is modified to require a showing of "background circumstances that support an inference that [Goodwill] is one of those unusual employers who discriminates against the majority," or a "historically or socially" favored group. Notari v. Denver Water Dep't, 971 F.2d 585, 588, 589 (10th Cir. 1992).

After conducting a thorough analysis of the materials submitted by the parties, the district court determined that Silva did not establish his prima facie case. Accordingly, the district court granted Goodwill's motion for summary judgment. On appeal, Silva takes issue with the first element of the prima facie case applicable to reverse discrimination plaintiffs. He argues "that it is inequitable and therefore unlawful to have different prima facie sex discrimination cases for men and women, and that men should not have a greater burden of proof than women and be required to produce evidence that raises the suspicion that an employer discriminates against men." (Appellant's Br. at 1). In essence, he asserts that we should ignore our precedent in Notari and, instead, adopt the reasoning and analysis of the federal district court in Collins v. School

<u>Dist. of Kansas City</u>, 727 F. Supp. 1318 (W.D. Mo. 1990). We decline to revisit the issue. <u>See</u> <u>In re Smith</u>, 10 F.3d 723, 724 (10th Cir. 1993) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.").

Additionally, Silva argues that, in any event, he did demonstrate background circumstances indicating that Goodwill has a propensity to discriminate against men. He states that, with the inclusion of his proffered Exhibit 39, the totality of his evidence raises a suspicion of reverse discrimination. Exhibit 39 is an unsigned handwritten list of forty-four names, allegedly summarizing the employment applications received by Goodwill's Rehabilitation Department in 1998. The district court ruled the exhibit inadmissible for lack of confirmation by oath or affirmation. <u>See</u> Fed. R. Civ. P. 56(e) (requiring parties on summary judgment to submit affidavits made on personal knowledge as well as sworn or certified copies of papers to which the affidavits refer).

On appeal, Silva argues that Exhibit 39 does not need to meet affidavit requirements because it summarizes documents produced by Goodwill during discovery. <u>See</u> Fed. R. Evid. 1006 (permitting presentation of a summary of voluminous writings). "'Like other evidentiary rulings, we review a district court's decision to exclude evidence at the summary judgment stage for abuse of

discretion.'" Mitchael v. Intracorp, Inc., 179 F.3d 847, 8854 (10th Cir. 1999) (quoting Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc., 131 F.3d 874, 894 (10th Cir. 1997). Under that standard, "'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir. 1991) (quoting United States v. Ortiz, 804 F.2d 1161, 1164 n.2 (10th Cir.1986)).

To be admissible, "[s]ummaries must be accurate and nonprejudicial." Daniel v. Ben E. Keith Co., 97 F.3d 1329, 1335 (10th Cir. 1996). Exhibit 39 does not establish the applicants' gender (other than by the unidentified scrivener's speculation based on first names), qualifications, prospective jobs, or whether the applicants were offered jobs and turned down the offers. Thus, Exhibit 39 does not provide accurate, or even meaningful, information. We find no abuse of discretion in the district court's ruling. Moreover, we have reviewed the record and conclude that, even if the content of this exhibit had been admitted, the totality of Silva's evidence does not demonstrate a genuine issue of material fact as to background circumstances of discrimination. [4]

---

[4] Silva also asserts the court erred in two other ways: Specifically, he argues that the court erred in (1) requiring him to show, as part of his prima facie case,

(continued...)

The district court properly evaluated the evidence submitted by the parties and determined that Silva failed to meet the prima facie case applicable to reverse discrimination claims. The entry of summary judgment on Silva's Title VII claim is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[4](...continued)
that he was similarly situated to female employees who received more favorable treatment; and (2) failing to recognize the existence of a disputed issue of material fact as to whether or not his female supervisor participated in the decision to terminate his employment. Because Silva did not meet the first prong of the requisite prima facie case, we do not address his attacks on these other aspects of the district court's rulings. See Griffin v. Davies, 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute.") (citing Manning v. Upjohn Co., 862 F.2d 545, 547 (5th Cir. 1989)).