**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GROVER STANLEY
MONHOLLAND,

Defendant-Appellant.

No. 99-5190
(D.C. No. 99-CR-6-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals his conviction, following a jury trial, of possession of a firearm after former conviction of a felony (18 U.S.C. § 922(g)(1)), possession of a machine gun (18 U.S.C. § 922(o)(1)), and two counts of possession of an unregistered firearm (26 U.S.C. § 5861(d)).  He was sentenced to a total prison term of 151 months.  On appeal he raises two claims:  error by the trial court in declining to instruct the jury on the issue of entrapment, and the improper overruling of his motion in limine to exclude evidence of his prior rape conviction.  We affirm.

The facts underlying the convictions are as follows.   Defendant was introduced to the government's chief witness, Ace Wright, in October of 1998.  The initial contact between the two men concerned scuba diving, apparently in an attempt to locate some money supposedly under water.  Defendant initiated the subject of purchasing a gun.  Thereafter the pair had several conversations primarily about defendant's desire to purchase an Uzi machine gun.  After the second discussion, Wright decided to record the conversations.      Wright presented the tape to his attorney,  [1]  who contacted an agent of the Bureau of Alcohol, Tobacco, and Firearms (ATF).

---

[1]      At the time, Wright was awaiting sentencing on his conviction of a gambling charge.

Subsequent contacts between defendant and Wright were recorded under the supervision of the ATF agent. After continued negotiations, Wright delivered an Uzi, along with a .22 caliber pistol and two silencers to defendant, at which point defendant was arrested.

Defendant first contends that he was entitled to an instruction on entrapment. Whether there is sufficient evidence to constitute a triable issue of entrapment is a question of law which we review de novo. See United States v. Fadel, 844 F.2d 1425, 1434 (10th Cir. 1988) (citing United States v. Ortiz, 804 F.2d 1161, 1164 (10th Cir. 1986)).

> The defense of entrapment prohibits law enforcement conduct which implants a criminal design in an innocent person's mind and induces that person to commit a crime he is otherwise not predisposed to commit. The inquiry in an entrapment defense has two parts: (1) the lawfulness of the government's conduct, and (2) the defendant's predisposition to engage in the criminal activity.

United States v. Lampley, 127 F.3d 1231, 1242 (10th Cir. 1997) (further citations omitted). Predisposition is the principal element, and this focuses on whether the defendant was an "unwary innocent" or an "unwary criminal." See id. (further quotations and citations omitted). Although the question of entrapment is generally one for the jury, see id., "[t]he defendant must point to evidence of both lack of predisposition and government inducement before the trial judge can determine whether entrapment has been shown sufficiently to present it to the jury." Ortiz, 804 F.2d at 1165. See also United States v. Fedroff, 874 F.2d 178,

181-82 (3d Cir. 1989) (trial court will not instruct on entrapment unless defendant has produced sufficient evidence on both prongs of defense and must evaluate quantum of evidence for each element to determine if entrapment instruction is warranted as matter of law).  A defendant is entitled to present an entrapment defense to the jury "only if he can identify evidence 'from which a reasonable juror could derive a reasonable doubt as to the origin of criminal intent. . . .'" Ortiz, 804 F.2d at 1165 (quoting United States v. Nations, 764 F.2d 1073, 1080 (5th Cir. 1985)).

"The focal point in entrapment, therefore, centers on the defendant's intent or predisposition to engage in the offense rather than the degree of government involvement."  See United States v. Mendoza-Salgado, 964 F.2d 993, 1002 (10th Cir. 1992).  Indeed, defendant recognizes this, but argues that there was sufficient evidence to warrant submitting the issue to the jury.  We disagree.  Although defendant's predisposition must be "viewed at the time the government agent first approached the defendant, inferences about that predisposition may be drawn from events occurring after the two parties came in contact."  United States v. Garcia, 182 F.3d 1165, 1169 (10th Cir.), cert. denied, 120 S. Ct. 448 (1999).

"Entrapment does not occur when government officials merely offer a person the opportunity and means to commit an offense."  United States v. Beal, 961 F.2d 1512, 1516 (10th Cir. 1992); see also, United States v. Dozal-Bencomo,

-4-

952 F.2d 1246, 1252 (10th Cir. 1991) ("Merely providing a person ready and willing to violate the law an opportunity to engage in the illegal acts is not entrapment.") (further citation omitted). The evidence in this case, particularly the conversations between defendant and Wright, clearly reflect that the defendant's possession of the weapons was not the product of the creative activity of the government. Beal, 961 F.2d at 1516 (quotation omitted). The record shows that the issue of gun purchase was initiated by the defendant, and defendant indicated in subsequent conversations with Wright that he remained interested in obtaining a gun, particularly an Uzi. The evidence in this case failed to "create a genuine factual issue that properly [could] be resolved only by a jury as the finder of fact." Ortiz, 804 F.2d at 1166.

Defendant also contends the district court erred in overruling his motion in limine to exclude evidence of a prior rape conviction. Counsel had argued that the conviction was nearly ten years earlier in time and that the prejudicial effect would outweigh the probative value. However, the district court determined that admitting this particular conviction would not be any more prejudicial than admitting any other prior conviction. On appeal defendant contends he "chose not to testify for fear of the prejudice that the revelation of the rape conviction would cause." Appellant's Br. at 7. He further states that because the rape conviction

was nearly ten years old and unrelated to the weapons charges, it "was not probative as to the veracity or truth of the defendant as a witness." Id. at 8.

In Luce v. United States, 469 U.S. 38, 41 (1984), the Supreme Court recognized the difficulty a reviewing court encounters in attempting "to rule on subtle evidentiary questions outside a factual context," noting that "[a]ny possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative." Id. For this reason the Court held "that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Id. at 43. We have also recognized this requirement. See United States v. Powell, 982 F.2d 1422, 1434 (10th Cir. 1992) (declining to review denial of pretrial motion to exclude evidence of prior convictions where defendant did not testify at trial); see also United States v. Martinez, 76 F.3d 1145, 1151 (10th Cir. 1996) (recognizing Luce requirement that defendant testify in order to preserve claim of improper impeachment with prior conviction). Here, because defendant did not testify, we are unable to review this claim.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.


Entered for the Court


Michael R. Murphy
Circuit Judge