**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HEATHER LEE STREET,

    Defendant - Appellant.

No. 15-8114
(D.C. No. 2:15-CR-00102-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

In 2015, Heather Street pled guilty to conspiracy to possess and distribute morphine and oxycodone. The district court sentenced Street to six months in prison, but recommended the Bureau of Prisons (BOP) place her at a medical facility to accommodate her various medical needs. Street appeals, arguing her six-month sentence is both procedurally and substantively unreasonable. Finding no error, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

## BACKGROUND

Street suffers from multiple chronic illnesses, and has been prescribed various opiates for her pain.[1] At some point, Street began sharing her prescription medications with her daughters. On February 23, 2015, her oldest daughter, Emily, died from an overdose of morphine while at Street's home. Following Emily's death, officers learned from individuals close to Emily—including her father, roommate, and boyfriend—that Street often supplied Emily with prescription opiates. Officers also recovered pill bottles with Street's name from Emily's apartment.

Three days after Emily's death, officers executed a controlled purchase from Street, buying five morphine tablets and five oxycodone tablets. Street ultimately pled guilty to conspiracy to possess with the intent to distribute, and to distribute, morphine and oxycodone. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C).

In preparing her PSR, a probation officer determined Street had a total offense level of 10 and a criminal history category of I, resulting in a Guidelines range of 6 to 12 months in prison. *See* U.S.S.G. ch. 5, pt. A. The probation officer noted that because Street's offense fell within Zone B of the Guidelines' sentencing table, the

---

[1] Street's Presentence Investigation Report (PSR) noted that Street's health is "extremely poor" and that her medical records show she suffers from, among other conditions, acute bacterial bronchitis, cachexia, chronic bronchitis, chronic pancreatitis, common variable immunodeficiency, cystic fibrosis, acquired hypogammaglobulinemia, other neutropenia, rheumatoid arthritis, sclerosing cholangitis, severe combined immuno-deficiency, epilepsy, fibromyalgia, and migraines. R. vol. II, at 32. The PSR also indicated Street has been prescribed various medications for these illnesses, including several opiates—notably, morphine, oxycodone, and hydromorphone.

court could sentence Street to a term of home confinement rather than imprisonment. *See* U.S.S.G. § 5C1.1(c)(2), (e)(3). But the probation officer nonetheless recommended a 12-month prison sentence.

At Street's sentencing hearing, the government suggested that a period of home confinement would be appropriate in light of Street's various medical issues. Street's counsel agreed, arguing the BOP isn't equipped to deal with Street's medical conditions. The district court rejected these suggestions, and instead sentenced Street to six months in prison. The district court explained that home confinement wasn't sufficient punishment for Street's felony crime, which Street committed just days after Emily's death, and that imprisonment at a BOP medical facility would ensure Street couldn't distribute her prescription medications to others.

But in light of Street's medical conditions, the district court noted that a sentence at the bottom of the Guidelines range was sufficient to accomplish the objectives of 18 U.S.C. § 3553(a). And the district court gave Street over two months to self-report so that Street could "get [her] medication issues lined out" prior to serving her sentence and the BOP could "anticipate her arrival so that [it] can provide her with her required care." R. vol. III, at 55.

Street appeals, arguing the district court should have sentenced her to home confinement rather than imprisonment. She also asks us to expedite her appeal, arguing she is otherwise likely to serve her entire six-month sentence before her appeal concludes. We grant that request, and this Order and Judgment constitutes our expedited decision.

3

Street argues her sentence is both procedurally and substantively unreasonable. "A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). And a sentence is substantively unreasonable if it's excessive "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007).

When a defendant adequately raises a sentencing challenge below, we review for abuse of discretion. *United States v. Lucero*, 747 F.3d 1242, 1246 (10th Cir. 2014).[2] This means "we review de novo the district court's legal conclusions regarding the guidelines and review its factual findings for clear error." *United States v. Cassius*, 777 F.3d 1093, 1096 (10th Cir. 2015) (quoting *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012)). A district court abuses its discretion "only if the court 'exceeded the bounds of permissible choice,' given the facts and the applicable

---

[2] The government suggests Street failed to raise her procedural-reasonableness argument below, an omission that would normally trigger plain-error review. *See United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007). Because we conclude Street's procedural-reasonableness argument fails even under the more favorable abuse-of-discretion standard, we need not decide whether she raised it below.

law in the case at hand." *McComb*, 519 F.3d at 1053 (quoting *United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986)).

## I. Street's sentence is procedurally reasonable.

Street first argues her sentence is procedurally unreasonable because the district court opted for imprisonment instead of home confinement based on clearly erroneous facts. *See Gall*, 552 U.S. at 51. More particularly, Street explains that the PSR only provided "general assurances" that the BOP could care for her, and asserts that "[n]othing else in the record supports the conclusion that the BOP would be capable of treating [her] medical conditions." Aplt. Br. 12-13.

"A district court's factual finding is clearly erroneous only 'if it is without factual support in the record or if [this] court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made.'" *United States v. Patron-Montano*, 223 F.3d 1184, 1188 (10th Cir. 2000) (alteration in original) (quoting *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998)). When reviewing for clear error, "we view the evidence and inferences therefrom in the light most favorable to the district court's determination," *United States v. Kitchell*, 653 F.3d 1206, 1226 (10th Cir. 2011) (quoting *United States v. Mozee*, 405 F.3d 1082, 1088 (10th Cir. 2005)), and won't consider a district court's finding clearly erroneous unless it "is simply not plausible or permissible in light of the entire record on appeal, remembering that we are not free to substitute our judgment for that of the district judge," *United States v. Torres*, 53 F.3d 1129, 1144 (10th Cir. 1995).

Here, the probation officer never unequivocally stated that the BOP could provide adequate care for Street. Instead, it noted, "The [BOP] medical staff *will hopefully* be able to determine what ailments the defendant has and what medications are necessary." R. vol. II, at 42 (emphasis added). But the probation officer at least implied that the BOP could care for Street by recognizing Street's "numerous health problems" but nonetheless recommending a 12-month prison sentence. R. vol. II, at 42. And the probation officer further recommended that the court allow Street to self-report so that the BOP could "receive the defendant's medical records" and so Street could "bring her medications with her to the designated facility." *Id.*

The district court's remarks at sentencing illustrate that it inferred from these comments that the BOP would be able to adequately care for Street during her six-month term if it provided the BOP an opportunity to review her records prior to her arrival. For instance, in agreeing that Street should self-report, the court noted that her voluntary surrender would allow the BOP "adequate time for preparation" and to "anticipate her arrival so that they can provide her with her required care." R. vol. III, at 55, 61. The court further directed the BOP to "review her prescriptions prior to her admission so that they can be addressed, if necessary, while incarcerated," reinforcing its belief that pre-admittance review of Street's records would result in adequate care. *Id.* at 59.

The record thus suggests the district court found the BOP could adequately care for Street if given sufficient time to review her medical conditions prior to arrival. In view of the fact that the PSR recommended a 12-month prison sentence

following voluntary surrender, the district court's finding isn't clearly erroneous. *See Kitchell*, 653 F.3d at 1226.[3]

## II. Street's sentence is substantively reasonable.

Even assuming her sentence is procedurally reasonable, Street next argues her sentence is substantively unreasonable because the "district court struck a manifestly unreasonable balance between the relevant factors in 18 U.S.C. § 3553(a)." Aplt. Br. 10. Although she acknowledges that a sentence within the applicable Guidelines range is presumptively reasonable, Street argues she can rebut that presumption here. She alleges the district court focused too narrowly on the need to punish Street and deter her from selling her prescriptions in the future, and ignored other factors weighing against imprisonment, such as her medical conditions and her status as a first-time offender.

Contrary to Street's characterization, the record demonstrates the district court adequately weighed all relevant factors when crafting Street's sentence. The district court acknowledged Street's "genuine health issues," and indicated it had considered the PSR, which noted Street's lack of criminal history. R. vol. III, at 54. Moreover,

---

[3] In her reply brief, Street further argues the district court erred by disregarding a letter from her physician indicating his concern "that should [Street] become incarcerated it may be impossible for her to obtain the medical care necessary to keep her from becoming ill with any number of life threatening illnesses." *See* Supp. R. at 2. But this letter at best establishes that there was conflicting evidence regarding whether the BOP could adequately care for Street. And when "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1306 (10th Cir. 2015) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

the record indicates the district court reasonably balanced these factors against the seriousness of Street's crime. For example, it recognized the difficulty presented by this case, noting, "[T]he only thing more difficult than arguing . . . sentencing issue[s] in this case is determining what is a sufficient, but not greater than necessary, sentence under [the §] 3553 factors." *Id.* at 53. But the court also found it significant that Street was selling "the very poison that killed [her] daughter" just three days after Emily's death. *Id.* And the court expressed concern that home confinement would prove inadequate to ensure Street didn't share her prescription drugs with others. The court thus struck a reasonable balance by sentencing Street to a term of imprisonment at the bottom of the Guidelines range—six months in prison—while allowing her to self-report so that she and the BOP would have adequate time to make necessary medical arrangements.

In short, the record demonstrates the district court appropriately considered all competing interests before settling on a reasonable sentence. Street thus hasn't met her burden of rebutting the presumption that her within-Guidelines sentence is substantively reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).[4]

---

[4] Street further urges that "there is no reason why a sentence of probation with home confinement would not adequately punish Ms. Street for her conduct," and that the Guidelines acknowledge that for "a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." Aplt. Br. 21 (quoting U.S.S.G. § 5H1.4). But even if Street's proposed sentence would have been reasonable, or even preferable, it doesn't follow that the district court abused its discretion in choosing a different one. *See Gall*, 552 U.S. at 51 ("The fact that the

Continued . . .

8

**CONCLUSION**

Street's six-month prison sentence is both procedurally and substantively reasonable. Accordingly, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

Cont.

appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").