74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Rudolph LUDWIG, Defendant-Appellant.
 No. 94-2242.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1995.
 
 Before ANDERSON, LOGAN and REAVLEY,* Circuit Judges.
 ORDER AND JUDGMENT**
 REAVLEY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Keith Rudolph Ludwig appeals the denial of his motion to dismiss the indictment. We affirm.
 
 Background
 
 3
 Ludwig was arrested by United States Border Patrol agents after a narcotics dog detected drugs in his 1985 Chevrolet Impala. A search revealed several large bags of marijuana in the trunk. At the time of his arrest, agents seized the automobile and turned it over to Drug Enforcement Administration authorities. The vehicle was later turned over to and civilly forfeited by the State of New Mexico.[1]
 
 
 4
 Ludwig was a charged in a one-count indictment with possession with intent to distribute less than fifty kilograms of marijuana. He filed a motion to dismiss the indictment on grounds of double jeopardy, alleging that because the automobile had been forfeited by New Mexico authorities, he had already been punished, and thus, any further criminal prosecution was barred, relying inter alia on United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892 (1989), and Montana Dept. of Revenue v. Kurth Ranch, --- U.S. ----, 114 S.Ct. 1937 (1994). The district court denied the motion, holding that no jeopardy bar existed because the double jeopardy clause does not preclude two sovereigns from bringing separate actions based upon the same conduct. Heath v. Alabama, 474 U.S. 82, 88, 106 S.Ct. 433, 437 (1985).
 
 Discussion
 
 5
 Ludwig contends that the district court erred in denying his motion without holding an evidentiary hearing. He asserts that the dual sovereignty doctrine is inapplicable because state and federal authorities manipulated the system to achieve the equivalent of a second prosecution. Ludwig relies on United States v. Raymer, 941 F.2d 1031 (10th Cir.1991), in which this Court noted two exceptions to the dual sovereignty doctrine: 1) when federal prosecutors have manipulated state processes rendering the state prosecution a sham and a cover for an otherwise barred federal prosecution; and 2) when state prosecutors have manipulated federal processes rendering the federal prosecution a sham and a cover for an otherwise barred state prosecution. Id. at 1037. The burden is on the defendant to establish that one sovereign dominated the other in imposing the double punishment. Id.
 
 
 6
 The district court held that Ludwig had not alleged sufficient facts which even, if proved, would support his position that federal and state prosecutors had manipulated the system in forfeiting his vehicle. In his appellate brief, Ludwig asserts that: New Mexico authorities were not involved in the initial investigation and arrest; the seizure of the car was by federal agents; the vehicle was turned over to another federal agency before New Mexico authorities got it; the federal government could have criminally forfeited the car without adverse jeopardy consequences, which would have raised the government's burden of proof; the federal government could have itself civilly forfeited the car, but that would have created jeopardy problems, and; to get around these problems and have it "both ways," the government simply turned the car over to New Mexico. These facts, Ludwig claims, are sufficient to show the New Mexico civil forfeiture action was intended to be a sham and a cover to allow an otherwise barred federal prosecution. He contends he has made a sufficient showing of prosecutorial impropriety to require an evidentiary hearing, and therefore, asks this Court to remand the cause for a proper hearing on his motion.
 
 
 7
 The district court's refusal to conduct an evidentiary hearing is reviewed for an abuse of discretion. United States v. Gines, 964 F.2d 972, 977 (10th Cir.1992), cert. denied, 113 S.Ct. 1023 (1993). A review of the record indicates that Ludwig's assertion that prosecutors had manipulated the system was nothing more than a conclusion of Ludwig. Ludwig's motion and its accompanying memorandum recited the following as his only allegation in support of this contention: that instead of either the Border Patrol or D.E.A. forfeiting the vehicle, it was instead turned over to state authorities. None of the added contentions of the appellate brief were presented to the district court. The district court did not err in denying the motion to dismiss.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 A more detailed recitation of the facts surrounding the arrest and search of the vehicle may be found in United States v. Ludwig, 10 F.3d 1523 (10th Cir.1993)