74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos BOTERO-OSPINA, Defendant-Appellant.
 No. 94-4006.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1995.
 
 Before ANDERSON, McKAY, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 The basic facts of this case are set forth in our en banc opinion, in which we addressed the validity of the initial stop of Mr. Botero-Ospina's vehicle, and affirmed the district court's denial of his motion to suppress. United States v. Botero-Ospina, 94-4006, --- F.3d ---- (10th Cir. Dec. 5, 1995) (en banc). In that opinion, we remanded to the panel the remaining issue in this case, which the panel now addresses.
 
 BACKGROUND
 
 2
 At trial, following the denial of his motion to suppress, Mr. Botero-Ospina acknowledged the presence of a large quantity of cocaine in his car but claimed to be a "blind mule"--an unwitting individual who has been duped into driving a vehicle (usually borrowed or recently purchased) containing hidden contraband. To bolster his defense, Mr. Botero-Ospina proffered expert testimony that drug dealers commonly used "blind mules" to unknowingly transport narcotics across the country. The government filed a motion in limine seeking to exclude this expert testimony. The district court, in its discretion, granted this motion. Mr. Botero-Ospina appeals the district court's decision to exclude his proffered testimony.
 
 DISCUSSION
 
 3
 Mr. Botero-Ospina's sole defense was his claim to have had no knowledge of the cocaine discovered in his minivan and to have been merely a dupe of the woman from whom he had purchased the van. His expert would have buttressed this defense by testifying that California drug dealers commonly recruit unwitting innocents to transport drugs. Mr. Botero-Ospina argues this testimony was crucial to his defense:
 
 
 4
 It is only if the trier of fact is aware that drug dealers often use blind mules that Mr. Botero's story as to how he came into possession of the car makes any sense. Certainly to the average juror his story of meeting a woman ... who then offers to sell him a car, but first requires that he drive it across the United States to obtain the title, is bizarre. It is only when this story is told against the backdrop that this is exactly what drug dealers do that it makes any sense.
 
 
 5
 Appellant's Br. at 19.
 
 
 6
 We agree that Mr. Botero-Ospina's story, in the absence of supporting expert testimony, strains credulity. The fact that expert testimony would have strengthened his case does not, however, suffice to win this appeal for Mr. Botero-Ospina. "[T]he trial [court] has broad discretion in the matter of the admission or exclusion of expert evidence, and [its] action is to be sustained unless manifestly erroneous." Salem v. United States Lines Co., 370 U.S. 31, 35 (1962); see also SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1517 (10th Cir.1990) (rulings upon admissibility of expert testimony reviewed under abuse of discretion standard). Expert testimony is admissible if the "knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. We defer to the district court's evaluation of the probative value of the proffered testimony to the trier of fact. Compare United States v. Ortiz, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986). We agree with the district court's determination that the probative value of that testimony was insufficient to warrant its admission in this case.
 
 
 7
 Mr. Botero-Ospina's knowledge, or lack thereof, of the cocaine hidden in his minivan was the essential element of the prosecution's case. The proffered expert testimony, however, would not have focused upon the mind of the typical "blind mule" (and hence, by reference, of Mr. Botero-Ospina), but rather would have educated the jury about the practices and mind-set of drug dealers. See Appellant's Br. at 20 ("People generally do not entrust their cars to strangers, especially if these strangers are going to drive across the United States. Common experience, however, does not include what drug traffickers do to escape detection and arrest.); see also id. at 18-19. Thus, the testimony, as proffered, would simply have informed the jury that drug dealers attempt to use dupes as couriers. It would have explained neither how "blind mules" are recruited nor why they agree to act in seemingly irrational ways. It therefore could have aided the jury neither in classifying Mr. Botero-Ospina as a "blind mule" nor in comprehending why he, as a putative "blind mule," agreed to such a bizarre purchase agreement. The testimony certainly would have done little to negate the essential knowledge element of the offense. Compare Dunn, 963 F.2d at 313-14 (battered woman's syndrome could negate requisite element of specific intent). In light of this failure (both at trial and in argument to this court) to focus the proffer with specific reference to the mental state either of Mr. Botero-Ospina or of the typical "blind mule," we cannot find the exclusion of the testimony to be an abuse of the broad discretion accorded the district court in evidentiary matters.
 
 
 8
 We AFFIRM the exclusion of the expert testimony pursuant to the government's motion in limine and Mr. Botero-Ospina's conviction.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470