UNITED STATES of America,
Plaintiff-Appellee,

v.

Dario ARTEAGA, Defendant-Appellant.

No. 85–2722.

United States Court of Appeals,
Fifth Circuit.

Dec. 24, 1986.

Jerome K. Wade, Houston, Tex., for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The defendant appeals his conviction for narcotics trafficking, in violation of 21 U.S.C. §§ 841, 846 (1982), on the ground that the government entrapped him and violated due process by using a lawyer who had represented him in the past as an informant. Finding sufficient evidence to support the jury's rejection of the entrapment defense and no due process violation, we affirm.

I.

An erstwhile cocaine addict, turned informant, reported to the Drug Enforcement Administration (DEA) that Dario Arteaga was engaged in drug trafficking. The informant, who was a close friend of Arteaga, had previously bought cocaine from him, and had represented him as his attorney in commercial and other civil matters. The informant introduced Arteaga to an undercover DEA agent, describing the agent as a friend from his law school days who wanted to purchase cocaine. At their first meeting, Arteaga sold the agent a gram of cocaine. Over the next few months, Arteaga delivered small amounts of cocaine to the informant or the agent on several occasions. Arteaga was arrested while selling two kilograms of cocaine to the agent and was convicted of conspiracy to possess cocaine with intent to distribute it, in violation of 21 U.S.C. § 846 (1982), and possession of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841 (1982).

II.

The court instructed the jury on entrapment, and Arteaga does not challenge the instruction. Instead, he contends that, as a matter of law, the government entrapped him. According to Arteaga, the government exercised extraordinary inducement to encourage the cocaine sales. By telling Arteaga that he was broke and wanted commissions from the sales to the agent, the informant aroused Arteaga's sympathy for one who was both Arteaga's close friend and his lawyer. Arteaga also cites assurances by the informant, after Arteaga had indicated that he was out of the drug trade, that he would not get into trouble. Finally, Arteaga observes that his failure to deliver cocaine, as planned, to a second agent reflects his lack of predisposition.

Arteaga's evidence is not sufficient to prove entrapment as a matter of law and require the court's dismissal of the charges. Entrapment occurs when the government overcomes the defendant's lack of predisposition to commit the crime by implanting the criminal intent.[1] The government's conduct must create a substantial risk that someone not ready to commit the offense would nevertheless commit it.[2] To find entrapment as a matter of law requires the conclusion that a reasonable jury could not have believed beyond a reasonable doubt that Arteaga was predisposed to distribute cocaine.[3]

Arteaga's jury had sufficient reason to reject the entrapment defense. According to the informant's testimony, Arteaga offered the informant cocaine on his own initiative, readily responded to the opportunity to deal with the DEA agent, had developed an extensive and sophisticated distribution system, and was eager to increase

---

**1.** *United States v. Henry,* 749 F.2d 203, 210 (5th Cir.1984) (en banc).

**2.** *United States v. Reyes,* 645 F.2d 285, 287 (5th Cir. Unit A 1981).

**3.** *United States v. Nations,* 764 F.2d 1073, 1077 (5th Cir.1985).

his narcotics trade. The DEA agent testified that, at their first meeting, Arteaga sold her a gram of cocaine and gave her his business card with instructions to call if she wanted more cocaine. Arteaga assured her that, with two hours' notice, he could supply any quantity desired. At a later meeting, Arteaga told the agent that he had been to Colombia to establish sources of supply. On the other hand, Arteaga offered no evidence of serious resistance on his part to the narcotics transactions.[4] That the government furnished Arteaga an opportunity to sell drugs does not constitute entrapment.[5]

### III.

■ The due process clause protects defendants against outrageous conduct by law enforcement agents.[6] While entrapment focuses on the defendant's intent and his predisposition to commit the crime, the due process clause forbids the government to act improperly even against culpable persons.[7]

■ Arteaga's due process argument fails. It is well-established in this circuit that "a due process violation will be found only in the rarest and most outrageous circumstances."[8] Thus, in United States v. Tobias,[9] we found no due process violation under the following circumstances: the defendant, because of his lack of expertise, canceled an order for chemicals with which to manufacture cocaine from a supply company operated as a DEA–front; a DEA agent at the company persuaded Tobias to order materials for PCP manufacture instead; and, during thirteen follow-up calls by Tobias, the DEA provided him with advice for handling problems that arose.[10] The government's conduct here was no more improper if indeed it was incorrect at all.

Arteaga questions the use of an untrained informant. The appropriateness of the government's conduct turns, however, on the needs of law enforcement.[11] In order to be credible to their targets, undercover narcotics operations may require the use of former sellers or buyers of drugs.[12] If the informant is an unreliable witness, that can be brought out in cross-examination.[13]

Arteaga also contends that the frequent meetings between himself and the informant in the absence of the agent reflected inadequate supervision by the government. He suggests that the informant *could* have coerced him but, since he offers no evidence of coercion in fact, the argument is conjectural. Nor does the government's failure to record many of the conversations between Arteaga and the informant violate due process. While there is an obligation to preserve recordings once they have been created, there is no general duty to make recordings in the first place,[14] and Arteaga

4. *Id.*

5. *Reyes,* 645 F.2d at 287.

6. *United States v. Yater,* 756 F.2d 1058, 1064–65 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 225, 88 L.Ed.2d 226 (1985).

7. *Hampton v. United States,* 425 U.S. 484, 488–89, 96 S.Ct. 1646, 1649–50, 48 L.Ed.2d 113 (1976); *Yater,* 756 F.2d at 1062, 1064–65.

8. *Yater,* 756 F.2d at 1066; *United States v. Garrett,* 716 F.2d 257, 275 (5th Cir.1983), *cert. denied,* 466 U.S. 937, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984); *United States v. Tobias,* 662 F.2d 381, 387 (5th Cir. Unit B. 1981), *cert. denied,* 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982).

9. 662 F.2d 381 (5th Cir. Unit B 1981), *cert. denied,* 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982).

10. *Id.* at 383–84.

11. *United States v. Fortna,* 796 F.2d 724, 735 (5th Cir.1986).

12. *United States v. Kelly,* 707 F.2d 1460, 1471–72 (D.C.Cir.1983) (opinion of MacKinnon, J.), *cert. denied,* 464 U.S. 908, 104 S.Ct. 264, 78 L.Ed.2d 247 (1983).

13. *Id.* at 1472 (opinion of MacKinnon, J). *See also United States v. Myers,* 692 F.2d 823, 845–46 (2d Cir.1982), *cert. denied,* 461 U.S. 961, 103 S.Ct. 2437–38, 77 L.Ed.2d 1322 (1983).

14. *United States v. Weisz,* 718 F.2d 413, 436–37 (D.C.Cir.1983), *cert. denied,* 465 U.S. 1027, 1034, 104 S.Ct. 1285, 1305, 79 L.Ed.2d 688, 79 L.Ed.2d 704 (1984).

has not explained how evidence from the unrecorded conversations would have aided his defense.[15]

It is also not outrageous to use an informant who previously served the defendant as an attorney on commercial matters. "The government often must rely on those in a close relation to the defendant to infiltrate criminal operations."[16] Indeed, courts have sanctioned the use of a former brother-in-law and the mother of the defendant's child as informants.[17] Finally, the outrageous-conduct defense requires not only government overinvolvement in the charged crime but a passive role by the defendant as well. A defendant who actively participates in the crime may not avail himself of the defense.[18]

### IV.

In his brief, counsel for Arteaga suggests that the informant violated the attorney-client privilege when he implicated Arteaga in past events of drug trafficking. At oral argument, however, counsel expressly stated that he was not relying upon the attorney-client privilege to support this appeal. Moreover, he offered no evidence of any confidential communications for the purpose of obtaining legal advice.[19]

For these reasons, we AFFIRM.

---

**15.** *Kelly,* 707 F.2d at 1472. *Cf., United States v. Agurs,* 427 U.S. 97, 112–14, 96 S.Ct. 2392, 2402, 49 L.Ed.2d 342 (1976).

**16.** *Fortna,* 796 F.2d at 735.

**17.** *Id.; United States v. Struyf,* 701 F.2d 875, 877 (11th Cir.1983).

**18.** *Nations,* 764 F.2d at 1077; *Yater,* 756 F.2d at 1066.

**19.** *Fortna,* 796 F.2d at 729 n. 4.