Jessy Carlos SAN MIGUEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 71334.

Court of Criminal Appeals of Texas, En Banc.

May 26, 1993.

Rehearing Denied Sept. 22, 1993.

**494**

Kenneth D. Carden, Las Colinas, for appellant.

John Vance, Dist. Atty., and Robert P. Abbott, Toby Shook, Jerri Sims & Keith Anderson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Appellant, Jessy Carlos San Miguel, was convicted of murder in the course of robbery, a capital offense under V.T.C.A. Penal Code, § 19.03(a)(2). At the punishment phase of appellant's trial, the jury answered affirmatively the special issues set forth in Article 37.071(b), V.A.C.C.P. The trial judge sentenced appellant to death as required by Article 37.071(e), supra. Direct appeal to this Court is automatic. *Id.*, § (h). Appellant brings three points of error on appeal. He does not challenge the sufficiency of the evidence to support either the jury's verdict of guilt or its affirmative answers to the special issues.

Early in the morning on January 26, 1991, officers of the Irving Police Department observed a recklessly driven pickup truck pull into a convenience store parking lot. The officers pulled into the lot behind the truck where they noticed appellant in the driver's seat and a person later identified as Jerome Green in the passenger seat. The two suspects exited their vehicle to enter the store, but the officers directed them to step to the rear of the suspects' car. While checking appellant's expired inspection sticker, one officer noticed a "Taco Bell" paper sack with several bundles of protruding cash sitting on the front seat. The officers then arrested appellant for various traffic offenses and proceeded to inventory the vehicle. Among the items listed in the vehicle inventory were two stocking masks, Taco Bell bags containing almost $1,400.00, two pairs of gloves, and a jammed nine-millimeter automatic pistol that smelled as though it had been recently fired. Upon investigating the Taco Bell restaurants in the vicinity, officers found one location that appeared to have been recently robbed. Entering the premises, the officers found four deceased victims inside a large walk-in refrigerator, and nine-millimeter shell casings and bullet fragments lying on the floor. Appellant confessed to his part in the robbery and murders later that same morning.

■ In his first two points of error appellant complains that police investigators deprived him of due process in failing to document, either by videotape or audiotape recording, or in the written confession they took from appellant, mitigating circumstances which came to light during the interrogation. Specifically, the officers failed to document that appellant's first admission of involvement in the offense took the form of a statement, "blurted out" during the interrogation, that he "didn't mean to kill them." The officers also failed to document evidence of remorse by appellant, *viz:* that he "cried" or "sobbed" at one point during the interrogation. Although both of these circumstances were elicited before the jury during cross-examination of the investigator who testified at trial, appellant claims due process entitled him to documentary evidence "untainted by the dark colored glasses of the police perspective." It was undisputed that the Irving Police Department had access to videotaping equipment, and that there was a dictaphone in the office in which the investigators interrogated appellant. Appellant alleges that the failure to document these mitigating circumstances when the means were

so readily available critically affected his ability to respond to the State's evidence of his deliberateness and his future dangerousness. He relies analogically upon those cases from the United States Supreme Court holding that the State's loss or destruction of potentially exculpatory evidence may under certain circumstances work a violation of a defendant's due process rights. See *United States v. Valenzuala–Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982); *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

In *Youngblood* the Court held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." 488 U.S. at 58, 109 S.Ct. at 337, 102 L.Ed.2d at 289. Because the prosecution did in fact introduce appellant's confession at trial, *sans* any recordation of the mitigating circumstances, and because it is uncontested that the mitigating circumstances of his confession were more than merely "potentially useful" to defendant, it may be doubtful that the *Youngblood* requirement of a showing of bad faith on the part of police applies in this case as a prerequisite to establishing a due process violation. 488 U.S. at 56, 109 S.Ct. at 336, 102 L.Ed.2d at 288. We need not ultimately decide that question, however, for even so, appellant has failed to meet the standard of materiality articulated in *Trombetta*, that the missing evidence "must possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." 467 U.S. at 489, S.Ct. at 2534, L.Ed.2d at 422. There is no showing that the investigators in this case knew or should have known before the interrogation began that appellant would deny that he acted deliberately, or show remorse. More importantly, appellant had the means to establish these circumstances at trial, and availed himself of them, through the testimo-

ny of one of the investigators.* The State has no duty under the Due Process Clause to memorialize exculpatory or mitigating circumstances in any particular fashion. See *United States v. Arteaga*, 807 F.2d 424 (C.A.5 1986) (no "general duty" to tape record conversations in which defendant claims he was entrapped); *United States v. Weisz*, 718 F.2d 413 (C.A.D.C.1983) (Government under no obligation "to create documentary evidence of its conversations" with defendant); *United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969) (unexplained loss of tape recording of interrogation does not amount to violation of due process). Cf: *Arizona v. Youngblood*, supra, U.S. at 59, S.Ct. at 338, L.Ed.2d at 290 (police "do not have a constitutional duty to perform any particular tests" on physical evidence). Points of error numbers one and two are overruled.

▮ In his third point of error appellant alleges that the trial court erred in failing to charge the jury that it could consider appellant's intoxication in mitigation of punishment. More specifically, appellant claims that the Eighth Amendment required a jury instruction that his "temporary insanity caused by voluntary intoxication" could be considered in mitigation of punishment. See V.T.C.A. Penal Code, § 8.04. However, the trial judge authorized the jury in the punishment charge to answer any one of the special issues negatively should it be persuaded that any mitigating evidence—whether specifically relating to one of the special issues or not—indicated appellant deserved a penalty less than death. Such a jury nullification instruction is sufficient to meet the requirements of the Eighth Amendment under *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). Thus there was no constitutional deficiency infecting the assessment of the death penalty against him. Whether appellant was entitled further to an instruction under § 8.04, supra, is purely a question of state law, *James v. State*, 805 S.W.2d 415 (Tex.Cr.App.1990), and depends upon whether the evidence raised the issue

---

* Indeed, that no recording was made was even put to some effect by counsel for appellant in trying to convince the jury that appellant's confession

had been involuntary. Article 38.22, § 6, V.A.C.C.P.

of intoxication sufficient to render him temporarily insane. E.g., *Tucker v. State*, 771 S.W.2d 523, at 533 (Tex.Cr.App.1988), and cases cited therein. Appellant neither argues in his brief nor points to evidence in the record to show that his voluntary intoxication induced a state of temporary insanity. Accordingly, his third point of error is overruled.

The judgment of the trial court is affirmed.

OVERSTREET, J., concurs in the result.

BAIRD, Judge, concurring.

Appellant introduced expert testimony that his blood alcohol concentration was 0.13 or 0.14 at the time of the of the commission of the offense. Prior to the jury's punishment deliberations, appellant, apparently relying on Tex.Penal Code Ann. § 8.04, made the following request:

> We would request that the following charge *be added to the Penry instruction.*[1]
>
> ... "Our Penal Code provides that evidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried. Therefore, you are instructed that you shall consider temporary insanity caused by voluntary intoxication ... if you find that such temporary insanity existed ... as a factor to be considered in relation to the above instructions...."

The trial judge denied the request.

In his third point of error, appellant contends the trial judge erred in failing to charge the jury that they could consider appellant's intoxication as a mitigating factor.[2] Appellant's point of error is based exclusively on the Eighth and Fourteenth Amendments to the United States Constitution and their interpretation by the United States Supreme Court. *See generally, Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). However, appellant's

brief does *not* even mention Tex.Penal Code Ann. § 8.04. Therefore, appellant's third point of error is not preserved for our review because it does not comport with his request at trial. *Rezac v. State*, 782 S.W.2d 869, 871 (Tex.Cr.App.1990), and *Zimmerman v. State*, 860 S.W.2d 89, 103 (Tex.Cr.App.1993) (Baird, J., concurring). Accordingly, the majority errs in reaching the merits of appellant's third point of error.

With these comments, I join the opinion as it relates to points' of error one and two and concur in the disposition of the third point of error.

CAMPBELL and MALONEY, JJ., join this opinion.

---

1. *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), was decided on June 26, 1989. The instant offense was committed on January 26, 1991.

    Unless otherwise indicated, all emphasis is supplied.

2. Appellant's third point of error states:

    The trial court erred in failing to charge the jury that they could consider the issue of intoxication on the issue of mitigation of punishment.