NUMBER 13-01-818-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 



BRENDA MARIE RENKEN Appellant,



v.




THE STATE OF TEXAS, Appellee.

 



On appeal from County Court at Law No. 1

of Cameron County, Texas

 
MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Baird (1)

Opinion by Justice Baird

 


 Appellant was charged by information with the offense of driving while intoxicated. The information also alleged a prior
conviction for the same offense for the purpose of enhancing the range of punishment. A jury convicted appellant of the
charged offense. The trial judge assessed punishment at one year confinement, probated for eighteen months, and a fine of
$1,000. We affirm.

 Prior to trial, the State informed the trial judge and defense counsel that a videotape of appellant performing field sobriety
tests and being transported to the police station had been lost or destroyed. Defense counsel immediately moved for
dismissal of the charges. After conducting a hearing, the trial judge denied the motion because there was no showing the
videotape was exculpatory. In two points of error, appellant challenges the correctness of that ruling.

 The first point contends the loss or destruction of the videotape violated the Due Process Clause of the United States
Constitution. The Due Process Clause guarantees that a defendant in a criminal prosecution will be afforded a trial
comporting with fundamental fairness. California v. Trombetta, 467 U.S. 479, 485 (1984). To establish a due process
violation arising from destruction of evidence by the State, a defendant must show that the evidence was material and
favorable in that it both possessed an exculpatory value that was apparent before the destruction, and was of such a nature
that the accused would be unable to obtain comparable evidence elsewhere. Id.; San Miguel v. State, 864 S.W.2d 493, 495
(Tex. Crim. App. 1993) (en banc) (analyzing a loss or destruction of evidence claim under Trombetta).

 Appellant asks us to establish a rule that evidence destroyed by the State is per se exculpatory. This Court, as an
intermediate appellate court, is bound to follow the law as declared by higher courts. Swilley v. McCain, 374 S.W.2d 871,
875 (Tex. 1964). When the United States Supreme Court and the Texas Court of Criminal Appeals have deliberately and
unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation. Southwick v. State, 701 S.W.2d
927, 929 (Tex. App.-Houston [1st Dist.] 1985, no pet.) (citing State v. Schwarz, 103 Tex. 119, 124 S.W. 420 (1910);
Robinson v. City of Galveston, 51 Tex. Civ. App. 292, 111 S.W. 1076 (1908, no writ)); see also State v. Stevenson, 993
S.W.2d 857, 867 (Tex. App.-Fort Worth 1999, no pet.); Horton v. State, 986 S.W.2d 297, 300 (Tex. App.-Waco 1999, no
pet.); In re Maxwell, 970 S.W.2d 70, 74 (Tex. App.-Houston [14th Dist.] 1998, no pet.); Flores v. State, 883 S.W.2d 383,
385 (Tex. App.-Amarillo 1994, pet. ref'd). Once the law is declared, we are not at liberty to impose a different
interpretation. Abdnor v. Ovard, 653 S.W.2d 793, 794 (Tex. Crim. App. 1983). Because the exculpatory showing is
required by both Trombetta and San Miguel, that requirement is binding on this Court. Accordingly, we cannot adopt the
per se rule that appellant seeks. Consequently, the first point of error is overruled.

 The second point contends the trial court's ruling violated the Due Course of Law provisions of the Texas Constitution. 
This point attempts to invoke the protections of the Texas Constitution. We have reviewed appellant's arguments from the
motion to dismiss hearing, and the arguments advanced at the motion for new trial. At neither time did defense counsel
argue that the State's loss or destruction of the videotape violated appellant's Due Course of Law protections. Accordingly,
we are constrained to hold this issue is not preserved for our review. Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim.
App.1995) ("[E]ven constitutional errors may be waived by failure to object at trial.") (citing Briggs v. State, 789 S.W.2d
918, 924 (Tex. Crim. App.1990); Gibson v. State, 516 S.W.2d 406, 409 (Tex. Crim. App.1974)). (2)

 The second point of error is overruled.

 The judgment of the trial court is affirmed.


 

CHARLES F. BAIRD

Justice



Do not publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed this

the 15th day of May, 2003.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellant did cite Thomas v. State, 841 S.W.2d 399 (Tex.Crim.App.1992), in his motion for new trial. However,
Thomas specifically does not address the Texas Constitution. Id. at 407 n. 11.