United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41754

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

MATTHEW THOMPSON

                    Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
No. C-02-CR-137-1

_____

Before KING, Chief Judge, DENNIS, Circuit Judge, and LYNN,[*]

District Judge.

PER CURIAM:[**]

    After a jury trial, Defendant Matthew Thompson was convicted

of bribery under 18 U.S.C. § 201(b)(2) (2000) and unlawful

receipt of compensation by an IRS agent under 26 U.S.C. §

7214(a)(2) (2002).  Thompson raises four issues on appeal.

    Thompson first argues that the district court erred by

_____

    [*]    District Judge for the Northern District of Texas,
sitting by designation.

    [**]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

admitting into evidence the recorded conversation between himself and attorney Bill May because it was obtained (1) in violation of the attorney-client privilege and (2) by outrageous government conduct. The district court found that Thompson did not meet his burden of establishing that the conversation between Thompson and May was privileged, since Thompson did not prove that he communicated with May in confidence or that his primary purpose was to obtain legal advice. See Robinson v. United States, 121 F.3d 971, 974 (5th Cir. 1997). This conclusion was not clearly erroneous. We also find that the government's conduct did not approach a level sufficiently "outrageous" so as to violate Thompson's rights, especially in light of Thompson's active participation in the crime. See United States v. Arteaga, 807 F.2d 424, 426-27 (5th Cir. 1986). Thus, we hold that the recorded conversation between Thompson and May was properly admitted into evidence.

Second, Thompson contends that there was insufficient evidence to permit a rational jury to find that he was predisposed to commit the crimes of which he was accused, and that, consequently, the district court should have granted his motion for judgment of acquittal. Viewing the evidence in the light most favorable to the verdict, see United States v. DeLeon, 247 F.3d 593, 596 (5th Cir. 2001), we find that there was sufficient evidence for a rational jury to conclude that Thompson was predisposed to commit the crimes of which he was convicted.

Therefore, the district court did not err in denying Thompson's motion.

Third, Thompson argues that the district court should have given the jury an instruction on positional predisposition, as laid out in United States v. Hollingsworth, 27 F.3d 1196 (7th Cir. 1994). We need not decide whether we are persuaded by Hollingsworth, because assuming arguendo that we are, Thompson, an IRS agent, was clearly in a position to accept a bribe. See Hollingsworth, 27 F.3d at 1200. Thus, the district court did not abuse its discretion in refusing to instruct the jury on positional predisposition. See United States v. Reyes, 239 F.3d 722, 742 (5th Cir. 2001).

Finally, Thompson claims that 18 U.S.C. § 201(b)(2) and 26 U.S.C. § 7214(a)(2) set out mutually exclusive offenses so that Thompson could not logically be convicted under both statutes. We join the Second Circuit in holding, however, that these statutes are not mutually exclusive. See United States v. Umans, 368 F.2d 725, 728-29 (2d Cir. 1966). Therefore, Thompson was properly convicted under both 18 U.S.C. § 201(b)(2) and 26 U.S.C. § 7214(a)(2).

For the foregoing reasons, the defendant's convictions are AFFIRMED.