11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael Lucien Talbott 

Appellant

Vs.                   No.
11-02-00197-CR B Appeal
from Jones County

State of Texas  

Appellee

 

Appellant entered an open plea of guilty to the
offense of aggravated sexual assault. 
TEX. PENAL CODE ANN. '
22.021 (Vernon 2003).  The jury assessed
punishment at 99 years confinement, and the trial court sentenced appellant
based on the jury=s
assessment.  We affirm.

                                                                  Issues
Presented

In four appellate issues, appellant claims that
his trial counsel was ineffective because: (1) he failed to investigate the
nature and extent of appellant=s
mental condition and, therefore, failed to pursue an insanity defense and
provided defective advice to plead guilty; (2) he failed to request a jury
instruction on temporary insanity during the punishment phase of the trial; and
(3) he elicited harmful testimony during the direct examination of appellant=s psychiatrist, Dr. Lek
Tratnik.

                                                                Background
Facts








The grand jury indicted appellant for the offense of
aggravated sexual assault of Annette Harrison.[1]  The offense occurred during the early morning
hours of March 3, 1999.  The trial court
appointed counsel to represent appellant during the trial proceedings.  Appellant=s
trial counsel believed that the evidence of guilt against appellant was
overwhelming.  Appellant claimed that he
drank a substantial number of beers in the hours leading up to the sexual
assault and that he could not remember sexually assaulting Harrison.  Appellant=s
trial counsel learned that appellant had been diagnosed with Amajor depressive disorder@ by Dr. Tratnik
before the date of the aggravated sexual assault.  Appellant=s
trial counsel hoped that he could develop insanity as a defense to guilt.
However, after speaking with appellant and Dr. Tratnik
about appellant=s
condition, appellant=s
counsel concluded that insanity was not a viable defense.  Appellant=s
counsel advised appellant to plead guilty to the offense and to have the jury
assess punishment.  Appellant followed
the advice of his counsel.  The trial
court, after admonishing appellant, accepted appellant=s
guilty plea.  The case then proceeded to
the punishment phase.

Appellant=s
trial counsel offered evidence during the punishment phase of appellant=s mental condition.  A number of witnesses testified about
appellant=s mental
condition:  (1) appellant; (2) Julie
Michelle Talbott, appellant=s
ex-wife; (3) Sharon Lee Boyd, appellant=s
mother; (4) Trina Talbott  Finnell, appellant=s sister; and (5) Dr. Tratnik.  In summary,
these witnesses testified that appellant had attempted suicide twice in 1998;
that appellant had received treatment for depression; that appellant was a Awhole different person@ and a better person when he was on
medication for his depression; that appellant had stopped going to treatment
and taking medication sometime in 1998; that appellant drank alcohol to Aself medicate@
his depression; that drinking made appellant not care; that appellant became
violent when he drank alcohol; that appellant was drunk when he sexually
assaulted Harrison; and that appellant could not remember sexually assaulting
her.  Appellant testified that he would
not drink anymore. 

Dr. Tratnik testified
that he had diagnosed appellant with major depressive disorder in 1998.  Dr. Tratnik said
that appellant=s
condition was getting worse.  Dr. Tratnik said that he doubted his initial diagnosis of major
depressive disorder was correct and that the correct diagnosis would probably
be schizophrenia or schizoaffective disorder. 
Dr. Tratnik also said that mental illnesses
are incurable but, hopefully, manageable with medication.  

Appellant=s
counsel requested the jury to place appellant on probation.  The jury, however, sentenced appellant to the
maximum sentence of 99 years.  








Appellant raised his ineffective assistance issues
in a motion for new trial.  Appellant=s trial counsel addressed the issues
while testifying at the hearing on the motion. 
He said that he investigated whether appellant was insane at the time of
the commission of the offense and that he believed his investigation of the case
was adequate.  He said that, in light of
the overwhelming evidence of guilt against appellant, he had hoped to pursue an
insanity defense.  However, based on his
discussions with appellant and Dr. Tratnik, he did
not believe that insanity was a viable defense. 
He thought that appellant=s
voluntary intoxication really hurt the chance of using insanity as a defense to
guilt. 

Appellant=s
trial counsel testified that his trial strategy was for appellant to plead
guilty, go to the jury for punishment, and ask the jury for mercy B a light sentence.  He said that he  advised appellant to enter an open plea of
guilty and to have the jury assess punishment. 
Appellant=s counsel
said that he explained appellant=s
options and the consequences of a guilty plea to appellant.  He further said that appellant made the
decision to plead guilty.   

Appellant=s
trial counsel also testified that he introduced the evidence about appellant=s mental condition during the
punishment phase of the trial in an effort to mitigate the punishment.  He said that his failure to request an
instruction on temporary insanity during the punishment phase of the trial was
inadvertence.  Appellant=s trial counsel also said that Dr. Tratnik=s
testimony that mental illnesses are  Aincurable@
hurt the defense and that he wished he would not have called Dr. Tratnik as a witness. 


Boyd testified at the hearing on the motion for new
trial.  She said that appellant was on
medication during trial and was unable to comprehend what was happening.  She also said that the first time she learned
of Dr. Tratnik=s
schizophrenia diagnosis was during his trial testimony.   

Appellant also testified at the hearing on the
motion for new trial.  He said that he
was in a trance state during trial.  He
testified that his trial counsel recommended for him to plead guilty.  Appellant said that he wanted to plead insanity
but that his trial counsel argued with him, and he gave up.  He also said that he and his trial counsel
discussed temporary insanity quite a bit when they first talked but that his
counsel told him that pursuing an insanity defense was not a good idea. 

Ineffective Assistance of Counsel             








            The standard
for testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668 (1984), and adopted for Texas Constitutional
claims in Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Cr.App.1986).  To prevail on a claim of ineffective
assistance of counsel, an appellant must establish that his counsel=s performance fell below an objective
standard of reasonableness and that there is a Areasonable
probability@ that the
result of the proceeding would have been different but for counsel=s deficient performance.  Strickland v. Washington, supra;
see Mallett v. State, 65 S.W.3d
59, 62-63 (Tex.Cr.App.2001).  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Hernandez v. State, supra
at 55.  The purpose of this two-pronged
test is to determine whether counsel=s
conduct so compromised the proper functioning of the adversarial process that
the trial cannot be said to have produced a reliable result.  Thompson v. State, 9 S.W.3d 808,
812-13 (Tex.Cr.App.1999)(citing McFarland v. State,  845 S.W.2d 824, 843 (Tex.Cr.App.1992), cert.
den=d,
508 U.S. 963 (1993)).

 The
adequacy of defense counsel=s
assistance is based upon the totality of the representation rather than by
isolated acts or omissions.  Garcia v.
State, 887 S.W.2d 862, 880 (Tex.Cr.App.1994), cert. den=d, 514 U.S. 1021 (1995).  Our review of counsel=s
representation is highly deferential, and we must indulge a strong presumption
that counsel=s conduct
falls within a wide range of reasonable representation.  Tong v. State, 25 S.W.3d 707, 712
(Tex.Cr.App.2000), cert. den=d,
532 U.S. 1053 (2001).  To defeat the
presumption of reasonable representation, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@ 
Thompson v. State, supra at 814 (quoting McFarland v. State,
928 S.W.2d 482, 500 (Tex.Cr.App.1996), cert. den=d, 519 U.S. 1119 (1997)).

                                                         Voluntariness of Guilty Plea  








To be valid, a guilty plea must be made freely and
voluntarily.  TEX. CODE CRIM. PRO. ANN.
art. 26.13 (Vernon 1989 & Supp. 2003). 
Proper admonishments by the trial court create a prima facie showing
that a plea of guilty was entered knowingly and voluntarily.  Martinez v. State, 981 S.W.2d 195, 197
(Tex.Cr.App.1998); Ex parte Gibauitch,
688 S.W.2d 868 (Tex.Cr. App.1985).  However, a guilty plea may not have been made
voluntarily or knowingly if it was based upon erroneous advice or
misinformation from trial counsel.  Ex
parte Battle, 817 S.W.2d 81, 83
(Tex.Cr.App.1991).  When a defendant
pleads guilty on the advice of counsel but subsequently challenges the voluntariness of the plea based upon ineffective assistance
of counsel, the voluntariness of the plea depends on
(1) whether counsel=s advice
was within the range of competence demanded of attorneys in criminal cases and,
if not, (2) whether there is a reasonable probability that, but for counsel=s errors, the defendant would not have
pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985); Ex
parte Morrow, 952 S.W.2d 530, 536
(Tex.Cr.App.1997), cert. den=d,
525 U.S. 810 (1998).

Before accepting appellant=s
guilty plea, the trial court properly admonished appellant, informed him of the
consequences of a guilty plea, and determined that appellant was competent on
the date of the offense and competent to stand trial.  Appellant, however, asserts that his plea was
involuntary because it was based on the defective advice of his trial
counsel.  

The issue under the first Strickland prong
is whether appellant=s
trial counsel=s advice
to plead guilty was within the range of competence demanded of attorneys in
criminal cases.  Appellant=s trial counsel testified that he
believed his investigation of the case was adequate; and, based on his
investigation of appellant=s
mental condition, he concluded that insanity was not a viable defense.  The elements of the affirmative defense of
insanity are set forth in TEX. PENAL CODE ANN. '
8.01 (Vernon 2003).  Section 8.01
provides that A[i]t is an affirmative defense to prosecution that, at the
time of the conduct charged, the actor, as a result of severe mental disease or
defect, did not know that his conduct was wrong.@  There was no evidence B
either at trial or at the hearing on the motion for new trial B that appellant Adid
not know that his conduct was wrong.@  Thus, the record does not demonstrate that
appellant=s trial
counsel, with additional investigation, would have been able to pursue an
insanity defense or that his advice to appellant would have or should have been
different.  Based on the evidence in the
record, we cannot conclude that appellant=s
trial counsel=s advice
to plead guilty was not within the range of competence demanded of attorneys in
criminal cases.  Appellant has not shown
that his trial counsel=s
advice to plead guilty was defective or that his plea was involuntary.  Appellant=s
first two issues are overruled.

                     Failure
to Request Temporary Insanity Instruction During Punishment Phase     








TEX. PENAL CODE ANN. '
8.04(b) (Vernon 2003) provides that a defendant may introduce evidence of
temporary insanity caused by intoxication in mitigation of the penalty attached
to the offense for which the defendant is being tried.  A defendant is entitled to a jury instruction
on temporary insanity if Athe
evidence raised the issue of intoxication sufficient to render [the defendant]
temporarily insane.@  Easley v. State, 978 S.W.2d 244, 252 (Tex.App. - Texarkana 1998, pet=n
ref=d)(citing San Miguel v. State,
864 S.W.2d 493, 495-96 (Tex.Cr.App.1993)). 
Evidence showing intoxication and nothing more does not justify the
submission of the temporary insanity issue to the jury.  Easley v. State, supra; Sawyers v.
State, 724 S.W.2d 24, 33 (Tex.Cr.App.1986). 
Rather, to be entitled to an instruction on temporary insanity, the
defendant must show both (1) that he was intoxicated and (2) that he did not
know that his conduct was wrong or that he was incapable of conforming his
conduct to the requirements of the law he violated at the time of the
offense.  Arnold v. State, 742
S.W.2d 10, 16 (Tex.Cr.App.1987).  Appellant
testified that he was intoxicated when he committed the offense and that he
could not remember committing it. 
Appellant=s lack of
recall of the crime is no evidence that he did not know that his conduct was wrong
or that he was incapable of conforming his conduct to the requirements of the
law.  Easley v. State, supra
at 253.  There was no evidence B either at trial or at the hearing on
the motion for new trial B
that appellant did not know that his conduct was wrong or that he was incapable
of conforming his conduct to the requirements of the law at the time that he
sexually assaulted Harrison.  Appellant
has not met the second Arnold requirement and, therefore, has not shown
that he was entitled to an instruction on temporary insanity caused by
intoxication.  We, therefore, cannot find
that appellant=s trial
counsel was ineffective in failing to request an instruction on temporary
insanity.  Easley v. State,
supra.  Appellant=s third issue is overruled.

                                             Eliciting
Harmful Testimony from Dr. Tratnik   

 Appellant
asserts that his counsel was ineffective in eliciting testimony from Dr. Tratnik that mental illnesses are Aincurable.@ 
Dr. Tratnik testified, in part, as follows:

Q:  So he has to stop drinking and he really
needs medication?

 

A:  Yes.

 

Q:  If he doesn=t get the medication what will happen
to his psychological disorder?

 

A:  It will relapse and the relapse they act
differently.  It=s
unpredictable what these type of people can do. 
They are just uncontrollable and they just cannot control themselves. 

 

Q:  So without medication, he could become
uncontrollable?

 

A:
Yes.

 








Q:  Could he get better without medication?  Could he recover?

 

A:  Probably not.

 

Q:  Do you ever recover from mental illness?

 

A:  I would say it is rare.  That could be, but B
if they don=t have
the stress in their life and a supportive family, they could go through that,
but usually mostly they need medication.

 

Q:  So you either withdraw completely from life
or you have to have medication to help you handle your mental illness?

 

A:  Yes.

 

Q:   Does this problem change with age as a
person ages or would they have the same problem ten years, 20 years?

 

A:  Usually they have the same problem.  It is incurable and they have to be on
medication the rest of their life.

 

Q:  So it=s
incurable, but hopefully manageable?

 

A:  Yes.                                

 

The State focused on Dr. Tratnik=s use of the word Aincurable@
during closing argument.  Appellant=s trial counsel testified at the
hearing on the motion for new trial that Dr. Tratnik=s testimony Ahurt@ appellant and that he wished that he
had not called Dr. Tratnik as a witness.  








Appellant=s
trial counsel, based upon the overwhelming evidence of guilt against appellant,
developed a trial strategy that appellant should plead guilty and seek mercy
from the jury during the punishment phase. 
Appellant=s counsel
hoped that, based on appellant=s
mental condition, the jury would sentence appellant to probation.  As part of the trial strategy, appellant=s counsel called Dr. Tratnik as an expert witness on the issue of appellant=s mental condition.  Appellant had been under Dr. Tratnik=s
care before committing the offense, and appellant=s
counsel felt that it was necessary to have Dr. Tratnik
explain appellant=s
condition to the jury.  Dr. Tratnik=s
testimony was consistent with, and supported, the testimony of appellant=s lay witnesses.  For example, Dr. Tratnik=s testimony that appellant needed
medication supported Talbott=s
testimony that appellant was a Awhole
different person@ while he
was taking medication.  While Dr. Tratnik=s
testimony that mental illnesses are Aincurable@ may not have been  favorable to appellant, we do not find that
appellant=s trial
counsel=s
performance was deficient.  See
Chatham v. State, 889 S.W.2d 345, 353-54 (Tex.App.
B Houston [14th Dist.] 1994, writ ref=d). 
Appellant=s fourth
issue is overruled.

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.   

                                                                                    

TERRY McCALL

JUSTICE

 

December 18, 2003

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Annette Harrison was a pseudonym.