Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JESUS MUNOZ,
)
 No. 08-02-00375-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 County Court at Law No. 2

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20010C04824)


MEMORANDUM OPINION



 Jesus Munoz appeals his conviction for driving while intoxicated. A jury found Appellant
guilty and assessed punishment at a fine of $750 and confinement for 180 days, probated for 18
months. We affirm.

FACTUAL SUMMARY


 Deputy Joe Quiroz of the El Paso County Sheriff's Office was patrolling Interstate 10 during
the afternoon hours of February 15, 2001, when he observed a gray pickup truck weaving in and out
of the two westbound lanes of travel, and weaving from the outside shoulder to the center divider,
and back into the main roadway. Quiroz activated his emergency lights and stopped the pickup. The
driver, later identified as Appellant, stopped on the shoulder but did not succeed in getting his
vehicle completely out of the roadway. When Quiroz approached the driver's side of the pickup, he
smelled a strong odor of alcohol and saw numerous empty and closed beer bottles on the seat and
floorboard. Appellant's eyes were bloodshot, his speech was slurred, and he appeared sleepy. 
Appellant had difficulty maintaining his balance when he got out of his truck so Quiroz assisted him
away from oncoming traffic and to the shoulder. Appellant almost fell several times and nearly
walked into traffic so Quiroz had him sit on the bed of the pickup. Quiroz formed the opinion that
Appellant was highly intoxicated and called for a unit to transport him. At the Sheriff's Office,
Appellant submitted a sample of his breath for testing. His test results were .212 and .205, or two
and one-half times the legal limit.

 Appellant testified that he was traveling from Fort Worth to Las Cruces. He drank a 12-pack
of Bud Light before he left Fort Worth the previous evening and had arrived in Midland on the
morning of February 15. He had not drunk anything on the day of his arrest and was asleep in his
parked truck on the shoulder of Interstate 10 when Deputy Quiroz approached him. Appellant
denied that there were beer bottles in the truck. The jury rejected Appellant's defense and found him
guilty of driving while intoxicated.

LOSS OR DESTRUCTION OF EVIDENCE


 In his point of error, Appellant contends that the trial court abused its discretion by denying
his motion for mistrial due to the loss or destruction of a videotape made by Quiroz at the time of
Appellant's arrest. He asserts that the evidence is material because it would have supported his
defense that he was not operating the vehicle but was instead asleep in his truck on the side of the
roadway.

 Prior to the beginning of the State's case-in-chief, Appellant's attorney complained to the
trial court that he had not been provided access to a videotape made at the time of Appellant's arrest. 
The prosecutor had previously advised him that there may have been a videotape. In a hearing
conducted outside the presence of the jury, Quiroz testified that his patrol car is equipped with a
video system which automatically begins recording when the emergency lights are activated. A
single videotape is used for an extended time period, and in this case, the video log for Quiroz's unit
shows that Tape #4 covered the period from January 19, 2001 through February 28, 2001. If a
videotape is not submitted as evidence, it is only kept for ninety days. In Quiroz's experience, the
video system sometimes malfunctioned and did not always record when he activated the emergency
lights, and in this particular case, there is no videotape of Appellant's stop and arrest. Quiroz did
not specifically recall whether or not the video system in his vehicle was working at the time of
Appellant's arrest. However, he would have noted on the video log if a tape had been made and
submitted as evidence in the case. The video log did not contain such a notation so Quiroz believed
there was no videotape. In his trial testimony, Appellant recalled one of the officers telling the other
to turn on the video camera.

 Appellant moved for a mistrial due to the loss or destruction of the videotape which may
have contained exculpatory evidence. The trial court denied the motion.

Standard of Review


 A mistrial is a device used to halt trial proceedings when error is so prejudicial that
expenditure of further time and expense would be wasteful and futile. Ladd v. State, 3 S.W.3d 547,
567 (Tex.Crim.App. 1999). Thus, a trial court may properly exercise its discretion to declare a
mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but
would have to be reversed on appeal due to an obvious procedural error. Id. The determination of
whether a given error necessitates a mistrial must be made by examining the particular facts of the
case. Id. A trial court's denial of a mistrial is reviewed for an abuse of discretion. Id. Therefore,
we defer to the trial court's determination of historical facts and assessment of credibility. See
Hughes v. State, 24 S.W.3d 833, 842 (Tex.Crim.App. 2000).

Burden on Defendant to Show Violation of Due Process


 The Due Process Clause of the Fourteenth Amendment guarantees that a defendant in a
criminal prosecution is afforded a trial comporting with fundamental fairness. See California v.
Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984). The duty to preserve
evidence is limited to evidence that might be expected to play a significant role in the suspect's
defense. Trombetta, 467 U.S. at 488, 104 S.Ct. at 2534. The mere failure to preserve evidence is
not a denial of due process unless the defendant shows that the evidence was: (1) material; (2)
favorable to the defense; and (3) destroyed in bad faith by the State. See Arizona v. Youngblood, 488
U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); Trombetta, 467 U.S. at 488-89, 104 S.Ct.
at 2532; Lee v. State, 893 S.W.2d 80, 86-87 (Tex.App.--El Paso 1994, no pet.). This standard of
constitutional materiality is met only where the missing evidence possesses an exculpatory value that
was apparent before the evidence was destroyed, and is of such a nature that the defendant would
be unable to obtain comparable evidence by other reasonably available means. Trombetta, 467 U.S.
at 489, 104 S.Ct. at 2534. A showing that evidence might have been favorable does not meet the
materiality standard. See Lee, 893 S.W.2d at 87.

 We do not understand Appellant to argue that the State had an obligation to videotape the
stop or ensure that the equipment was working. (1) Instead, Appellant's entire argument is focused on
what he views as the intentional destruction or loss of the videotape. Thus, Appellant's argument
assumes the existence of the videotape. As argued by the State, there is, at most, conflicting
evidence whether Appellant's arrest was actually recorded by the video system in Deputy Quiroz's
patrol car. Consequently, the trial court could have concluded that there was no videotape and
denied Appellant's motion for mistrial on that basis. Finding no abuse of discretion, we overrule
Appellant's sole point of error and affirm the judgment of the trial court.



April 8, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)
1. The State has no duty under the Due Process Clause to memorialize exculpatory or mitigating circumstances
in any particular fashion. See San Miguel v. State, 864 S.W.2d 493, 495 (Tex.Crim.App. 1993), citing United States
v. Arteaga, 807 F.2d 424 (C.A.5 1986)(no "general duty" to tape record conversations in which defendant claims he was
entrapped).