MEMORANDUM OPINION


No. 04-05-00163-CR

Jesse GARCIA,
Appellant

v.

The STATE of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. No. 04-02-00009-CRK
Honorable Olin B. Strauss, Judge Presiding
 
Opinion by:    Catherine Stone, Justice
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   January 11, 2006

AFFIRMED
            Jesse Garcia was charged with possession of a deadly weapon in a penal institution and was
sentenced to two years confinement. Garcia now complains the trial court erred by denying his
motion to suppress because due process was violated when law enforcement destroyed potentially
exculpatory evidence. We affirm.
 
Factual and Procedural Background
            On October 2, 2003, Garcia was serving a prison sentence in the Connally Unit of the Texas
Department of Criminal Justice when he was strip searched and found with a deadly weapon on his
person. However, Garcia denies that he was ever strip searched or in possession of a deadly weapon. 
The Connally Unit contains video surveillance throughout the institution, and on March 3, 2004,
Garcia requested copies of the October 2 videotapes; however, he was never given the videotapes. 
Garcia filed a motion to suppress the evidence based on the State’s failure to provide the videotapes.
Garcia’s motion was denied, and he thereafter entered a plea agreement, pled guilty, and was
sentenced to two years confinement in the Connally Unit to run consecutive to the prison term he
was already serving. Garcia now appeals the trial court’s denial of his motion to suppress.
Standard of Review
            When reviewing a trial court’s decision to deny a motion to suppress: 1) almost total
deference is given to the trial court’s findings of fact, especially when those findings involve the
evaluation of a witness’s credibility or demeanor; and 2) the trial court’s application of the law to
those facts is reviewed de novo. Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997); State
v. Arriaga, 5 S.W.3d 804, 804 (Tex. App.—San Antonio 1999, pet. ref’d). When the trial court fails
to make findings of fact, as in the instant case, we view the evidence in a light most favorable to the
court’s ruling and assume the trial court made implicit findings of fact that support its ruling as long
as those findings are supported by the record. Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim.
App. 2000).
 
 
State’s Duty to Preserve Evidence
            Garcia argues that law enforcement’s failure to preserve exculpatory videotapes was a
violation of Garcia’s constitutional due process rights because the videotapes contained information
which would have shown he was neither strip searched nor found in possession of a deadly weapon. 
Accordingly, Garcia contends the trial court erroneously denied his motion to suppress.
            When asserting that the State failed to take affirmative steps necessary to preserve potentially
exculpatory evidence, the accused must prove several elements to establish the State’s duty. 
California v. Trombetta, 467 U.S. 479, 489 (1984). First, an accused must show the evidence is both
favorable and material, but a showing that the evidence might have been favorable is not enough. 
Jackson v. State, 50 S.W.3d 579, 589 (Tex. App.–Fort Worth 2001, pet. ref’d). In order to meet this
standard of materiality, “evidence must both possess an exculpatory value that was apparent before
the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain
comparable evidence by other reasonably available means.” Trombetta, 467 U.S. at 489. 
Additionally, the accused must show bad faith on the part of law enforcement to establish that a
failure to preserve potentially exculpatory evidence constitutes a denial of due process. Arizona v.
Youngblood, 488 U.S. 51, 58 (1988).
            Garcia asserts the videotapes were material because they would have illustrated that he was
never strip searched or in possession of a weapon. These facts would be favorable, yet, as part of
establishing the materiality requirement, Garcia needs to show the exculpatory value was apparent
before the tapes were destroyed and establish that no comparable evidence was readily available. 
See Trombetta, 467 U.S. at 489. 
            It is the practice of the Texas Department of Corrections to reuse videotapes, therefore,
videotapes are taped-over every fourteen days. However, an administrative policy requires
preservation of crime scene evidence, including pictures and videos. Garcia contends his due
process rights were violated when the tape of his search was taped-over. Garcia has failed to prove,
however, that the exculpatory nature of the evidence was apparent before the videotapes were
destroyed. In fact, the incident at issue occurred October 2, 2003, but Garcia did not request the
videotapes until March 12, 2004, which is well past the fourteen-day period before videotapes are
reused. Moreover, Investigator Richard Romano testified that the surveillance cameras cannot
record events inside a prison cell. If the trial court believed Investigator Romano’s testimony, it
follows that no value, exculpatory or inculpatory, would exist regarding any alleged videotapes of
Garcia’s prison cell. Absent findings of fact, and applying the appropriate standard of review, we
must assume the trial court believed Romano’s testimony over that of Garcia and we defer to the trial
court’s judgment. See Carmouche, 10 S.W.3d at 328.
            The trial court’s ruling can be upheld on an additional ground. Garcia has failed to show that
comparable evidence could not be obtained from another reasonably available source. Although
Garcia asserts he was unable to obtain the original videotapes or make duplicate copies, he also
stated that two officers and his cellmate were present on October 2. Thus, the officers or his cellmate
could have provided evidence comparable to the videotapes. See Trombetta, 467 U.S. at 490 (stating
that other evidence and cross-examination would have provided alternative means); San Miguel v.
State, 864 S.W.2d 493, 495 (Tex. Crim. App. 1993) (showing that the defendant was capable of
acquiring and did acquire an investigator’s testimony as comparable evidence to the portion of the
confession that was not recorded).
            Finally, Garcia fails to establish bad faith on the part of law enforcement regarding the
videotapes’ destruction.


 Thus he cannot establish that the State violated his due process rights. See
Mahaffey v. State, 937 S.W.2d 51, 53 (Tex. App.–Houston[1st Dist.] 1996, no pet.) (holding that the
accused failed to establish bad faith on the part of law enforcement and even stated, “I’m not saying
that someone necessarily went out and tried to erase it.”); State v. Rudd, 871 S.W.2d 530, 533 (Tex.
App.–Dallas 1994, no pet.) (concluding that the defendant stipulated that the State did not act in bad
faith, thus she could not carry her burden of establishing a due process violation).
Conclusion
            We affirm the trial court’s judgment.
 
Catherine Stone, Justice

Do Not Publish