# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00125-CR

**Keith Allen Hooper, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. CR5922, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

The police were not required by due process to videotape appellant's arrest in order to document any potentially exculpatory statements appellant might make to the officers. *See San Miguel v. State*, 864 S.W.2d 493, 495 (Tex. Crim. App. 1993). But that is not the issue presented. The issue is whether, having made the videotape of appellant's arrest, the police violated appellant's due process rights by failing to preserve it. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

The State has a due process obligation to preserve material evidence, that is, evidence that might be expected to play a significant role in a suspect's defense. *California v. Trombetta*, 467 U.S. 479, 488-89 (1984). For the evidence to be material, it must both possess an exculpatory value that was apparent before the evidence was destroyed and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Id*. at 489.

There is no evidence that the videotape of appellant's arrest possessed exculpatory value, much less exculpatory value that was apparent to the police before the tape was destroyed. Appellant argues that we should presume that the videotape was exculpatory from the very fact that it was not preserved. But evidence comparable to that alleged to be on the videotape was available to the defense, as the State's witnesses testified that appellant protested his innocence when arrested and offered an exculpatory version of events. In addition, testifying out of the presence of the jury, appellant testified that the taped conversation was about "the gun":

> [T]hey said they had found a gun, and they wanted me to look at the gun. And I looked at it, and they said, do you recognize the gun? I said it was that lady that drove the car, it was her gun, and that it never left the vehicle. She kept it in the vehicle.

Appellant continued:

> I told them exactly what had happened, that the gun remained in the vehicle and I never touched the gun, please get it printed to prove that I never touched the gun.

Appellant has not shown that the videotape was material evidence.

The State also violates a defendant's due process rights when evidence potentially useful to the defense is, for that reason, intentionally destroyed. *Youngblood*, 488 U.S. at 57-58. Unless a defendant can show bad faith on the part of the government, the failure to preserve potentially useful evidence does not constitute a denial of due process. *Id*. at 58. Three factors which have been deemed relevant in determining whether the loss of evidence violates a defendant's right to due process are: (i) the level or extent of government culpability; (ii) the likelihood that the

lost evidence was exculpatory; and (iii) the likelihood that the defendant was significantly prejudiced at trial by the absence of the evidence. *Davis v. State*, 831 S.W.2d 426, 442 (Tex. App.—Austin 1992, pet. ref'd). Unless the defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not, in and of itself, result in denial of due process. *Id*.; *see Youngblood*, 488 U.S. at 58. The defendant's due process is only implicated in "those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." *Youngblood*, 488 U.S. at 58; *see also Trombetta*, 467 U.S. at 486-87.

Other Texas courts that have considered the issue have found that the facts in those cases did not establish evidence of bad faith. *See Chandler v. State*, 278 S.W.3d 70, 76 (Tex. App.—Texarkana 2009, no pet.) (video maintained for sixty days and then discarded in accordance with policy of routine discarding and absence of evidence showing bad faith); *Meador v. State*, No. 2-07-439-CR, 2008 Tex. App. LEXIS 7906, at *15-16 (Tex. App.–Fort Worth Oct. 16, 2008, no pet.) (mem. op., not designated for publication) (accidentally erased video); *Purvis v. State*, No. 12-06-00422-CR, 2008 Tex. App. LEXIS 3962, at *16-17 (Tex. App.—Tyler May 30, 2008, no pet.) (mem. op., not designated for publication) (loss of tape result of negligence, not bad faith); *Smith v. State*, No. 07-05-0289-CR, 2007 Tex. App. LEXIS 5427, at *10 (Tex. App.—Amarillo July 11, 2007, no pet.) (mem. op., not designated for publication) (no evidence of bad faith in failing to preserve video recording); *McGee v. State*, 210 S.W.3d 702, 704-05 (Tex. App.—Eastland 2006, no pet.) (video of security tape of robbery at Wal-Mart that showed no faces was not preserved, no evidence of bad faith); *Salazar v. State*, 185 S.W.3d 90, 91-92 (Tex. App.—San Antonio 2005, no pet.) (video erased or did not record, no evidence of bad faith).

Here, Investigator Holloway testified that the department policy was to maintain the videotapes for ninety days in a "cabinet" at the sheriff's office "and then it's erased and reused." There is no evidence that the videotape of appellant's arrest was useful in the investigation or was destroyed in order to keep it from being used in appellant's defense. The testimony that the videotape had been reused pursuant to a standard departmental practice regarding the reuse of in-car videotapes was uncontradicted. Appellant has not shown that the State acted in bad faith in failing to preserve the videotape.

With these additional comments, I concur in the judgment affirming appellant's conviction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: October 9, 2009

4