# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50428
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS ANDRES-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-158-2

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

In this direct criminal appeal, Juan Carlos Andres-Ramirez challenges his convictions for conspiracy to transport illegal aliens and transportation of an illegal alien for the purpose of commercial advantage and private financial gain. He argues that his convictions must be vacated because the government's conduct was so "outrageous" as to constitute a violation of his rights to due process. In short, he asserts that during his post-arrest interview, a Homeland

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50428

Security Investigations special agent induced him to lie about being a foot guide both on the date of his arrest and on four previous occasions. We review this issue for plain error because Andres-Ramirez failed to raise it in the district court. *See United States v. Sandlin*, 589 F.3d 749, 758 (5th Cir. 2009).

"The due process clause protects defendants against outrageous conduct by law enforcement agents." *United States v. Arteaga*, 807 F.2d 424, 426 (5th Cir. 1986). "However, "[g]overnment misconduct does not mandate dismissal of an indictment unless it is so outrageous that it violates the principle of fundamental fairness under the due process clause of the Fifth Amendment." *Sandlin*, 589 F.3d at 758-59 (internal quotation marks and citation omitted). Consequently, "the outrageous-conduct defense requires not only government overinvolvement in the charged crime but a passive role by the defendant as well. A defendant who actively participates in the crime may not avail himself of the defense." *Arteaga*, 807 F.2d at 427; *see United States v. Posada Carriles*, 541 F.3d 344, 361 (5th Cir. 2008).

Andres-Ramirez fails to establish either prong associated with the outrageous-conduct defense. First, he has not shown that the government's conduct ran afoul of the Fifth Amendment. *Cf. Sandlin*, 589 F.3d at 759 (collecting cases where this court has declined to find outrageous conduct). The interview in question took place after a local deputy stopped a pickup truck for a traffic violation and three of the truck's four occupants presented foreign identification. Suspecting illegal activity, the deputy requested assistance from Border Patrol, who confirmed that the three men were unlawfully present and thereafter initiated interviews of the truck's occupants. Andres-Ramirez fails to point to any persuasive evidence in the record showing that federal agents actually coached him or any of the truck's other occupants into involving him in the conspiracy or identifying him as the guide.

2

No. 19-50428

Concerning the requirement that the defendant play a passive role, the evidence demonstrates that before federal agents were ever involved in the case, Andres-Ramirez had agreed to guide a group from Mexico into the United States in exchange for $500 per person, led four persons across the border, and coordinated with the driver for pick up. Because Andres-Ramirez was an active participant in the conduct for which he was prosecuted, he is not entitled to assert the outrageous-conduct defense. *See Posada Carriles*, 541 F.3d at 361.

Accordingly, the district court did not commit plain error in failing to sua sponte dismiss the indictment for outrageous government conduct. *See Sandlin*, 589 F.3d at 758-59. The judgment of the district court is AFFIRMED.